UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

ADT, LLC,

                                 Case No. 12-80898-CIV-RYSKAMP\HOPKINS

        Plaintiff,

v.

ALARM PROTECTION TECHNOLOGY
FLORIDA, LLC; and JACOB DAHL,

        Defendants,

_____/

## DEFENDANT ALARM PROTECTION TECHNOLOGY FLORIDA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Alarm Protection Technology Florida, LLC ("Alarm Protection"), through its undersigned counsel, hereby answers ADT LLC's ("ADT") Complaint as follows:

### SUMMARY OF THE CASE

1.      Paragraph 1 of the Complaint contains only a summary of ADT's allegations and legal conclusions to which no response is required. To the extent a response is required, Alarm Protection denies the allegations contained in paragraph 1 of the Complaint and specifically denies that it made false or misleading statements to ADT customers.

### PARTIES

2.      Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies these allegations.

3.      Admitted.

4.      In response to paragraph 4 of the Complaint, Alarm Protection admits only that Defendant Dahl is an independent sales representative for Alarm Protection and maintains the title Regional Sales Manager.  Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint and therefore denies these allegations.

## JURISDICTION AND VENUE

5.      Paragraph 5 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Alarm Protection admits only that ADT alleges claims that arise under federal law pursuant to Section 43(a) of the Lanham Act, and that jurisdiction over such claims would be proper.

6.      Paragraph 6 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Alarm Protection admits only ADT alleges claims that arise under state laws, and that jurisdiction over such claims is proper under 28 U.S.C. § 1367 presently due to ADT's claims arising under federal law.

7.      Paragraph 7 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Alarm Protection denies the allegations contained in paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.      Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies these allegations.

9.      Paragraph 9 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Alarm Protection is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies these allegations.

10.     Alarm Protection admits only that it is affiliated with Alarm Protection Technology, a Utah-based company.  Except as expressly admitted, Alarm Protection denies all other allegations, including specifically but without limitation that Alarm Protection is engaged in interstate commerce.

11.     In response to paragraph 11, Alarm Protection admits only that Defendant Dahl is an independent sales representative for Alarm Protection, based out of Delray Beach, Florida, and that Dahl was previously engaged by APX.  Except as expressly admitted, Alarm Protection denies the remaining allegations contained in paragraph 11 of the Complaint.

12.     Alarm Protection admits only that it conducts business in Florida, and that it is seeking to increase its customer base in Florida.  Except as expressly admitted, Alarm Protection denies the remaining allegations contained in paragraph 12 of the Complaint and specifically denies that it is unfairly or improperly targeting ADT customers.

13.     Alarm Protection denies that it engaged in any deceptive or misleading sales practices alleged in this paragraph or that it in any way aided, supported, or encouraged any of its sales representatives to employ unlawful or deceptive sales tactics.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint and therefore denies these remaining allegations.  Answering further, Alarm Protection states that if any of its independent sales representatives have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

14.     In response to paragraph 14, Alarm Protection denies that it is engaged in deceptive practices or that it has improperly injured ADT.  Answering further, Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint and therefore denies these allegations.

15.     In response to paragraph 15, Alarm Protection denies that the identities and security system specifications of ADT's customers are confidential because, among other reasons, ADT posts signs at its customers' homes that are visible from the street.  Alarm Protection denies that it has stolen ADT's trade secrets.  Answering further, Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 regarding purchase agreements between competing security systems providers and therefore denies these allegations.  The remainder of the allegations contained in paragraph 15 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Alarm Protection denies these allegations.

16.     Alarm Protection denies that it made any deceptive or false statements to ADT customers or that it in any way aided, supported, or encouraged any of its sales representatives to employ unlawful or deceptive sales tactics.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and therefore denies these remaining allegations.  Answering further, Alarm Protection states that if any of its independent sales representatives have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

4

17.     Alarm Protection denies that it has engaged in any practices that deceived customers into incurring contractual obligations to both Alarm Protection and ADT.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint and therefore denies these allegations.  Furthermore, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives to employ unlawful or deceptive sales tactics.  Answering further, Alarm Protection states that if any of its independent sales representatives have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

18.     Alarm Protection specifically denies that it violated any law or used deceptive sales practices.  Paragraph 18 of the Complaint further contains legal conclusions to which no response is required.  To the extent a response is required, Alarm Protection denies these allegations.  Answering further, Alarm Protection affirmatively alleges that it is not a party to the Code of Ethics and Standards of Conduct referenced in paragraph 18 of the Complaint; however, Alarm Protection has developed and implemented its own internal Code of Conduct to which each Alarm Protection representative is bound, and that the Alarm Protection Code of Conduct is in many instances more comprehensive and more stringent than the Code of Ethics and Standards of Conduct referenced in paragraph 18 of the Complaint.

19.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies these allegations.

## Mona Gartrell

20.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies these allegations.

21.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives, including Mr. Dahl, have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

22.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives, including Mr. Dahl, have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

23.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided,

supported, or encouraged any of its sales representatives, including Mr. Dahl, to employ unlawful or deceptive sales tactics. If any of its independent sales representatives, including Mr. Dahl, have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

24.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies these allegations. Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, to employ unlawful or deceptive sales tactics. If any of its independent sales representatives, including Mr. Dahl, have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

25.     Alarm Protection denies that its insignia appears similar to ADT's. Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint and therefore denies these allegations. Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, to employ unlawful or deceptive sales tactics. If any of its independent sales representatives, including Mr. Dahl, have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

**Mary Demps**

26.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies these allegations.

27.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives, including Mr. Dahl, have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

28.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives, including Mr. Dahl, have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

29.     Alarm Protection admits only that Ms. Demps signed a contract with Alarm Protection.  Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint and

therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives, including Mr. Dahl, have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection affirmatively alleges that at the time Ms. Demps executed her contract with Alarm Protection, Alarm Protection conducted a recorded welcome call ("Welcome Call") with Ms. Demps.  During this Welcome Call, Ms. Demps represented that she was not receiving alarm services from any other company.  Ms. Demps also represented that she understood she was executing a new contract with Alarm Protection, and that Alarm Protection was not affiliated with any other alarm companies.  Answering further, Alarm Protection affirmatively alleges that at the time of sale, Ms. Demps executed a General Clarification Questionnaire ("Form C") through which she represented that she was entering into a new contract with Alarm Protection, that she bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

30.     Alarm Protection admits only that Ms. Demps signed a contract with Alarm Protection, and that it installed a home security system pursuant to that contract.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, or any of its technicians to employ unlawful or deceptive tactics.  If any of its independent sales

representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

31.     Alarm Protection admits only that Ms. Demps signed a contract with Alarm Protection.  Answering further, Alarm Protection denies that it was not disclosed to Ms. Demps that Mr. Dahl and Mr. Helton worked for Alarm Protection and affirmatively alleges that at the time Ms. Demps executed her contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Ms. Demps.  During this Welcome Call, Ms. Demps represented that she was not receiving alarm services from any other company.  Ms. Demps also represented that she understood she was executing a new contract with Alarm Protection, and that Alarm Protection was not affiliated with any other alarm companies.  Answering further, Alarm Protection affirmatively alleges that at the time of sale, Ms. Demps executed a Form C through which she represented that she was entering into a new contract with Alarm Protection, that she bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.  Alarm Protection also denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, or any of its technicians to employ unlawful or deceptive tactics.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Complaint and therefore denies these allegations.

32.     Alarm Protection admits only that Ms. Demps signed a contract with Alarm Protection.  Alarm Protection denies that Ms. Demps was unaware that she was contracting with Alarm Protection.  Alarm Protection is otherwise without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 32 of the

Complaint and therefore denies these remaining allegations.  Answering further, Alarm

Protection denies that it in any way aided, supported, or encouraged any of its sales

representatives, including Mr. Dahl, or any of its technicians to employ unlawful or deceptive

tactics.  Answering further, Alarm Protection states that at the time Ms. Demps executed her

contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Ms.

Demps.  During this Welcome Call, Ms. Demps stated that she was not receiving alarm services

from any other company.  Ms. Demps also stated that she understood she was executing a new

contract with Alarm Protection, and that Alarm Protection was not affiliated with any other

alarm companies.  Answering further, Alarm Protection affirmatively alleges that at the time of

sale, Ms. Demps executed a Form C through which she represented that she was entering into a

new contract with Alarm Protection, that she bore the sole responsibility to cancel any previous

or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or

acquiring any other alarm company, including ADT.

### Marilyn Hipple

33.     Alarm Protection is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 33 of the Complaint and therefore denies

these allegations.

34.     Alarm Protection is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore denies

these allegations.  Answering further, Alarm Protection denies that it in any way aided,

supported, or encouraged any of its sales representatives, including Mr. Dahl, to employ

unlawful or deceptive sales tactics.  If any of its independent sales representatives, including Mr.

Dahl, have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

35.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives, including Mr. Dahl, have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

36.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives, including Mr. Dahl, have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

37.     Alarm Protection admits only that Ms. Hipple signed a contract with Alarm Protection.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way

aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, or technicians to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives, including Mr. Dahl, or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that at the time Ms. Hipple executed her contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Ms. Hipple.  During this Welcome Call, Ms. Hipple represented that she understood she was executing a new, 60-month contract with Alarm Protection, that Alarm Protection was not acquiring or affiliated with ADT, and that she was responsible for cancelling her ADT monitoring services.  Answering further, Alarm Protection affirmatively alleges that at the time of sale, Ms. Hipple executed a Form C through which she represented that she was entering into a new contract with Alarm Protection, that she bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

38.    Alarm Protection admits only that Ms. Hipple signed a contract with Alarm Protection, and that it is Alarm Protection's practice to provide its customers with Alarm Protection signs for their yards.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, or technicians to employ unlawful or deceptive sales tactics. If any of its independent sales representatives, including Mr. Dahl, or technicians have engaged

in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection. Answering further, Alarm Protection states that at the time Ms. Hipple executed her contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Ms. Hipple. During this Welcome Call, Ms. Hipple represented that she understood she was executing a new, 60-month contract with Alarm Protection, that Alarm Protection was not acquiring or affiliated with ADT, and that she was responsible for cancelling her ADT monitoring services. Answering further, Alarm Protection affirmatively alleges that at the time of sale, Ms. Hipple executed a Form C through which she represented that she was entering into a new contract with Alarm Protection, that she bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

39.    Alarm Protection admits only that Ms. Hipple signed a contract with Alarm Protection. Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the Complaint and therefore denies these remaining allegations. Answering further, Alarm Protection states that at the time Ms. Hipple executed her contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Ms. Hipple. During this Welcome Call, Ms. Hipple represented that she understood she was executing a new, 60-month contract with Alarm Protection, that Alarm Protection was not acquiring or affiliated with ADT, and that she was responsible for cancelling her ADT monitoring services. Answering further, Alarm Protection affirmatively alleges that at the time of sale, Ms. Hipple executed a Form C through which she represented that she was entering into a new contract with Alarm Protection, that she bore the sole responsibility

14

to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

40.     Alarm Protection admits only that Ms. Hipple signed a contract with Alarm Protection.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, or technicians to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives, including Mr. Dahl, or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that at the time Ms. Hipple executed her contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Ms. Hipple.  During this Welcome Call, Ms. Hipple represented that she understood she was executing a new, 60-month contract with Alarm Protection, that Alarm Protection was not acquiring or affiliated with ADT, and that she was responsible for cancelling her ADT monitoring services.  Answering further, Alarm Protection affirmatively alleges that at the time of sale, Ms. Hipple executed a Form C through which she represented that she was entering into a new contract with Alarm Protection, that she bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

41.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and therefore denies

these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Dahl, to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives, including Mr. Dahl, have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that at the time Ms. Hipple executed her contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Ms. Hipple.  During this Welcome Call, Ms. Hipple affirmed that she understood she was executing a new, 60-month contract with Alarm Protection, that Alarm Protection was not acquiring or affiliated with ADT, and that she was responsible for cancelling her ADT monitoring services.  Answering further, Alarm Protection affirmatively alleges that at the time of sale, Ms. Hipple executed a Form C through which she represented that she was entering into a new contract with Alarm Protection, that she bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

## Nieves Nunes

42.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore denies these allegations.

43.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives to employ unlawful or deceptive sales

tactics. If any of its independent sales representatives have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

44.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and therefore denies these allegations. Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives to employ unlawful or deceptive sales tactics. If any of its independent sales representatives have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

45.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and therefore denies these allegations. Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives to employ unlawful or deceptive sales tactics. If any of its independent sales representatives have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

46.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and therefore denies these allegations. Answering further, Alarm Protection denies that it in any way aided,

supported, or encouraged any of its sales representatives to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that at the time Ms. Nunes executed her contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Ms. Nunes.  During this Welcome Call, Ms. Nunes represented that she was not then receiving alarm services from any other company, and that she understood she was executing a new contract with Alarm Protection.  Answering further, Alarm Protection affirmatively alleges that at the time of sale, Ms. Nunes executed a Form C through which she represented that she was entering into a new contract with Alarm Protection, that she bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

47.    Alarm Protection admits only that Ms. Nunes signed a contract with Alarm Protection.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint and therefore denies these remaining allegations.

48.    Alarm Protection admits only that Ms. Nunes signed a contract with Alarm Protection, and that it installed a home security system pursuant to that contract.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives to employ unlawful or deceptive sales

tactics. If any of its independent sales representatives have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

49.     Alarm Protection admits only that Ms. Nunes signed a contract with Alarm Protection. Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 of the Complaint and therefore denies these allegations. Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives to employ unlawful or deceptive sales tactics. If any of its independent sales representatives have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection. Answering further, Alarm Protection states that at the time Ms. Nunes executed her contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Ms. Nunes. During this Welcome Call, Ms. Nunes represented that she was not then receiving alarm services from any other company, and that she understood she was executing a new contract with Alarm Protection. Answering further, Alarm Protection affirmatively alleges that at the time of sale, Ms. Nunes executed a Form C through which she represented that she was entering into a new contract with Alarm Protection, that she bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

50.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and therefore denies

these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that at the time Ms. Nunes executed her contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Ms. Nunes.  During this Welcome Call, Ms. Nunes represented that she was not then receiving alarm services from any other company, and that she understood she was executing a new contract with Alarm Protection.  Answering further, Alarm Protection affirmatively alleges that at the time of sale, Ms. Nunes executed a Form C through which she represented that she was entering into a new contract with Alarm Protection, that she bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

## **Robert Wimberly**

51.    Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and therefore denies these allegations.

52.    Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Moncur, or any of its technicians to employ unlawful or deceptive sales tactics.  If any of its independent sales

representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

53.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Moncur, or any of its technicians to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

54.     Alarm Protection admits only that Mr. Wimberly signed a contract with Alarm Protection, and that it installed a home security system pursuant to that contract.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Moncur, or any of its technicians to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that at the time Mr. Wimberly executed his contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Mr. Wimberly.  During

this Welcome Call, Mr. Wimberly represented that he understood he was executing a new contract with Alarm Protection, and that Alarm Protection was not acquiring or affiliated with ADT. Answering further, Alarm Protection affirmatively alleges that at the time of sale, Mr. Wimberly executed a Form C through which he represented that he was entering into a new contract with Alarm Protection, that he bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

55.    Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and therefore denies these allegations. Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Moncur, or any of its technicians to employ unlawful or deceptive sales tactics. If any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection. Answering further, Alarm Protection states that at the time Mr. Wimberly executed his contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Mr. Wimberly. During this Welcome Call, Mr. Wimberly represented that he understood he was executing a new contract with Alarm Protection, and that Alarm Protection was not acquiring or affiliated with ADT. Answering further, Alarm Protection affirmatively alleges that at the time of sale, Mr. Wimberly executed a Form C through which he represented that he was entering into a new contract with Alarm Protection, that he bore the sole responsibility to cancel any previous or

existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

56.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives, including Mr. Moncur, or any of its technicians to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that at the time Mr. Wimberly executed his contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Mr. Wimberly.  During this Welcome Call, Mr. Wimberly represented that he understood he was executing a new contract with Alarm Protection, and that Alarm Protection was not acquiring or affiliated with ADT.  Answering further, Alarm Protection affirmatively alleges that at the time of sale, Mr. Wimberly executed a Form C through which he represented that he was entering into a new contract with Alarm Protection, that he bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

**Hilda Gillet**

57.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and therefore denies these allegations.

58.    Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives or technicians to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

59.    Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives or technicians to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that at the time Ms. Gillet executed her contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Ms. Gillet.  During this Welcome Call, Ms. Gillet represented that she was then receiving alarm services from Brinks, and affirmed that she understood she was cancelling with Brinks and signing a new contract with Alarm Protection.  Ms. Gillet further represented that she understood Alarm Protection was not acquiring or affiliated with Brinks, and that Alarm Protection's sales representative had not represented that Brinks was going out of business. Answering further, Alarm Protection affirmatively alleges that at the time of sale, Ms. Gillet

executed a Form C through which she represented that she was entering into a new contract with Alarm Protection, that she bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including Brinks.

60.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives or technicians to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

61.     Alarm Protection admits only that Ms. Gillet signed a contract with Alarm Protection.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives or technicians to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that at the time Ms. Gillet executed her contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Ms. Gillet.  During this Welcome Call, Ms. Gillet

represented that she was then receiving alarm services from Brinks, and that she understood she was cancelling with Brinks and signing a new contract with Alarm Protection. Ms. Gillet further represented that she understood Alarm Protection was not acquiring or affiliated with Brinks, and that Alarm Protection's sales representative had not represented that Brinks was going out of business. Answering further, Alarm Protection affirmatively alleges that at the time of sale, Ms. Gillet executed a Form C through which she represented that she was entering into a new contract with Alarm Protection, that she bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including Brinks.

62.     Alarm Protection admits only that Ms. Gillet signed a contract with Alarm Protection, and that it installed a home security system pursuant to that contract. Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62 of the Complaint and therefore denies these allegations. Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives or technicians to employ unlawful or deceptive sales tactics. If any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.

63.     Alarm Protection admits only that Ms. Gillet signed a contract with Alarm Protection. Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 of the Complaint and therefore denies these allegations. Answering further, Alarm Protection denies that it in any way

aided, supported, or encouraged any of its sales representatives or technicians to employ unlawful or deceptive sales tactics. If any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection. Answering further, Alarm Protection states that at the time Ms. Gillet executed her contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Ms. Gillet. During this Welcome Call, Ms. Gillet represented that she was then receiving alarm services from Brinks, and that she understood she was cancelling with Brinks and signing a new contract with Alarm Protection. Ms. Gillet further represented that she understood Alarm Protection was not acquiring or affiliated with Brinks, and that Alarm Protection's sales representative had not represented that Brinks was going out of business. Answering further, Alarm Protection affirmatively alleges that at the time of sale, Ms. Gillet executed a Form C through which she represented that she was entering into a new contract with Alarm Protection, that she bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including Brinks.

64.     Alarm Protection admits only that Ms. Gillet signed a contract with Alarm Protection. Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64 of the Complaint and therefore denies these allegations. Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives or technicians to employ unlawful or deceptive sales tactics. If any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct

contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection. Answering further, Alarm Protection states that at the time Ms. Gillet executed her contract with Alarm Protection, Alarm Protection conducted a recorded Welcome Call with Ms. Gillet. During this Welcome Call, Ms. Gillet represented that she was then receiving alarm services from Brinks, and that she understood she was cancelling with Brinks and signing a new contract with Alarm Protection. Ms. Gillet further represented that she understood Alarm Protection was not acquiring or affiliated with Brinks, and that Alarm Protection's sales representative had not represented that Brinks was going out of business. Answering further, Alarm Protection affirmatively alleges that at the time of sale, Ms. Gillet executed a Form C through which she represented that she was entering into a new contract with Alarm Protection, that she bore the sole responsibility to cancel any previous or existing alarm monitoring agreement, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including Brinks.

### Mary Trovato

65.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and therefore denies these allegations.

66.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and therefore denies these allegations.

67.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and therefore denies these allegations.

68.      Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint and therefore denies these allegations.

69.      Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and therefore denies these allegations.

70.      Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and therefore denies these allegations.

71.      Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint and therefore denies these allegations.

72.      Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint and therefore denies these allegations.

73.      Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint and therefore denies these allegations.

74.      Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint and therefore denies these allegations.

COUNT I
UNFAIR COMPETITION IN VIOLATION
OF THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)

75.     Alarm Protection incorporates its responses to paragraphs 1-74 of the Complaint as if fully set forth herein.

76.     Alarm Protection specifically denies that it has attempted to sell its goods and services by making false and deceptive representations to ADT's customers.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 76 of the Complaint and therefore denies these allegations.  Alarm Protection affirmatively alleges that if any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that through its Welcome Call and Form C, its customers are properly informed that the customer is signing a new agreement with Alarm Protection, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

77.     Alarm Protection specifically denies that it has attempted to sell its goods and services by making false and deceptive representations to ADT's customers.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 77 of the Complaint and therefore denies these allegations.  Alarm Protection affirmatively alleges that if any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further,

Alarm Protection states that through its Welcome Call and Form C, its customers are properly informed that the customer is signing a new agreement with Alarm Protection, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

78.     Alarm Protection specifically denies that it has attempted to sell its goods and services by making false and deceptive representations to ADT's customers.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 78 of the Complaint and therefore denies these allegations.  Alarm Protection affirmatively alleges that if any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that through its Welcome Call and Form C, its customers are properly informed that the customer is signing a new agreement with Alarm Protection, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

79.     Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint and therefore denies these allegations.  Answering further, Alarm Protection denies that it in any way aided, supported, or encouraged any of its sales representatives or technicians to employ unlawful or deceptive sales tactics.  If any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that through its Welcome Call and Form C, its customers are properly informed that the customer is signing a

new agreement with Alarm Protection, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

80.     Alarm Protection specifically denies that it has attempted to sell its goods and services by making false and deceptive representations to ADT's customers.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 80 of the Complaint and therefore denies these allegations.  Alarm Protection affirmatively alleges that if any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that through its Welcome Call and Form C, its customers are properly informed that the customer is signing a new agreement with Alarm Protection, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

81.     The allegations of paragraph 81 are too vague and ambiguous for Alarm Protection to either admit or deny, and thus Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 81 of the Complaint and therefore denies these allegations.

82.     Alarm Protection specifically denies that it has attempted to sell its goods and services by making false and deceptive representations to ADT's customers.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 82 of the Complaint and therefore denies these allegations.  Alarm Protection affirmatively alleges that if any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they

were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that through its Welcome Call and Form C, its customers are properly informed that the customer is signing a new agreement with Alarm Protection, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

83.     Alarm Protection specifically denies that it has attempted to sell its goods and services by making false and deceptive representations to ADT's customers.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 83 of the Complaint and therefore denies these allegations.  Alarm Protection affirmatively alleges that if any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that through its Welcome Call and Form C, its customers are properly informed that the customer is signing a new agreement with Alarm Protection, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

84.     Alarm Protection specifically denies that it has attempted to sell its goods and services by making false and deceptive representations to ADT's customers.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 84 of the Complaint and therefore denies these allegations.  Alarm Protection affirmatively alleges that if any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting

outside the scope of their relationship and authority with Alarm Protection. Answering further, Alarm Protection states that through its Welcome Call and Form C, its customers are properly informed that the customer is signing a new agreement with Alarm Protection, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

85.    Denied.

86.    Denied.

**COUNT II**
**VIOLATION OF THE FLORIDA DECEPTIVE & UNFAIR**
**TRADE PRACTICES ACT, FLA. STAT. §§ 501.201 ET SEQ.**

87.    Alarm Protection incorporates its responses to paragraphs 1-86 of the Complaint as if fully set forth herein.

88.    Paragraph 88 contains legal conclusions to which no response is required. To the extent a response is required, Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint and therefore denies these allegations.

89.    Alarm Protection specifically denies that it has attempted to sell its goods and services by making false and deceptive representations to ADT's customers. Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 89 of the Complaint and therefore denies these allegations. Alarm Protection affirmatively alleges that if any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection. Answering further, Alarm Protection states that through its Welcome Call and Form C, its customers are properly

informed that the customer is signing a new agreement with Alarm Protection, and that Alarm

Protection is not affiliated with or acquiring any other alarm company, including ADT.

90.     Alarm Protection is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 90 of the Complaint and therefore denies

these allegations.  Answering further, Alarm Protection affirmatively alleges that it is not a party

to the Code of Ethics and Standards of Conduct referenced in paragraph 90 of the Complaint;

however, Alarm Protection has developed and implemented its own internal Code of Conduct to

which each Alarm Protection representative is bound, and that the Alarm Protection Code of

Conduct is in many instances more comprehensive and more stringent than the Code of Ethics

and Standards of Conduct referenced in paragraph 90 of the Complaint.

91.     Alarm Protection specifically denies that it has attempted to sell its goods and

services by making false and deceptive representations to ADT's customers.  Alarm Protection is

otherwise without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 91 of the Complaint and therefore denies these

allegations.  Alarm Protection affirmatively alleges that if any of its independent sales

representatives or technicians have engaged in any unlawful or misleading sales tactics, they

were acting in direct contravention of Alarm Protection's policies and procedures, and acting

outside the scope of their relationship and authority with Alarm Protection.  Answering further,

Alarm Protection states that through its Welcome Call and Form C, its customers are properly

informed that the customer is signing a new agreement with Alarm Protection, and that Alarm

Protection is not affiliated with or acquiring any other alarm company, including ADT.

92.     Alarm Protection specifically denies that it has attempted to sell its goods and

services by making false and deceptive representations to ADT's customers.  Alarm Protection is

otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 92 of the Complaint and therefore denies these allegations. Alarm Protection affirmatively alleges that if any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection. Answering further, Alarm Protection states that through its Welcome Call and Form C, its customers are properly informed that the customer is signing a new agreement with Alarm Protection, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

93.     Denied.

## COUNT III
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

94.     Alarm Protection incorporates its responses to paragraphs 1-93 of the Complaint as if fully set forth herein.

95.     Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is required, Alarm Protection is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint and therefore denies these allegations.

96.     Alarm Protection specifically denies that it has attempted to sell its goods and services by making false and deceptive representations to ADT's customers. Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 96 of the Complaint and therefore denies these allegations. Alarm Protection affirmatively alleges that if any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they

were acting in direct contravention of Alarm Protection's policies and procedures, and acting

outside the scope of their relationship and authority with Alarm Protection.  Answering further,

Alarm Protection states that through its Welcome Call and Form C, its customers are properly

informed that the customer is signing a new agreement with Alarm Protection, and that Alarm

Protection is not affiliated with or acquiring any other alarm company, including ADT.

97.     Alarm Protection specifically denies that it has attempted to sell its goods and

services by making false and deceptive representations to ADT's customers.  Alarm Protection is

otherwise without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 97 of the Complaint and therefore denies these

allegations.  Alarm Protection affirmatively alleges that if any of its independent sales

representatives or technicians have engaged in any unlawful or misleading sales tactics, they

were acting in direct contravention of Alarm Protection's policies and procedures, and acting

outside the scope of their relationship and authority with Alarm Protection.  Answering further,

Alarm Protection states that through its Welcome Call and Form C, its customers are properly

informed that the customer is signing a new agreement with Alarm Protection, and that Alarm

Protection is not affiliated with or acquiring any other alarm company, including ADT.

98.     Alarm Protection specifically denies that it has attempted to sell its goods and

services by making false and deceptive representations to ADT's customers.  Alarm Protection is

otherwise without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 98 of the Complaint and therefore denies these

allegations.  Alarm Protection affirmatively alleges that if any of its independent sales

representatives or technicians have engaged in any unlawful or misleading sales tactics, they

were acting in direct contravention of Alarm Protection's policies and procedures, and acting

outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that through its Welcome Call and Form C, its customers are properly informed that the customer is signing a new agreement with Alarm Protection, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

99.     Alarm Protection specifically denies that it has attempted to sell its goods and services by making false and deceptive representations to ADT's customers.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 99 of the Complaint and therefore denies these allegations.  Alarm Protection affirmatively alleges that if any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection.  Answering further, Alarm Protection states that through its Welcome Call and Form C, its customers are properly informed that the customer is signing a new agreement with Alarm Protection, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

## COUNT IV
## COMMERCIAL DISPARAGEMENT

100.     Alarm Protection incorporates its responses to paragraphs 1-99 of the Complaint as if fully set forth herein.

101.     Alarm Protection specifically denies that it has attempted to sell its goods and services by making false and deceptive representations to ADT's customers.  Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 101 of the Complaint and therefore denies these allegations.  Alarm Protection affirmatively alleges that if any of its independent sales

representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection. Answering further, Alarm Protection states that through its Welcome Call and Form C, its customers are properly informed that the customer is signing a new agreement with Alarm Protection, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

102.     Alarm Protection specifically denies that it has attempted to sell its goods and services by making false and deceptive representations to ADT's customers. Alarm Protection is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 102 of the Complaint and therefore denies these allegations. Alarm Protection affirmatively alleges that if any of its independent sales representatives or technicians have engaged in any unlawful or misleading sales tactics, they were acting in direct contravention of Alarm Protection's policies and procedures, and acting outside the scope of their relationship and authority with Alarm Protection. Answering further, Alarm Protection states that through its Welcome Call and Form C, its customers are properly informed that the customer is signing a new agreement with Alarm Protection, and that Alarm Protection is not affiliated with or acquiring any other alarm company, including ADT.

103.     Denied.

## AFFIRMATIVE DEFENSES

Alarm Protection hereby asserts the following affirmative defenses without assuming the burden of proof.

### FIRST DEFENSE

ADT's claims are barred, in whole or in part, because the Complaint fails to state a claim against Alarm Protection upon which relief may be granted.

### SECOND DEFENSE

ADT's claims are barred, in whole or in part, by the doctrines of unclean hands, inequitable conduct, wavier, estoppel and/or laches.

### THIRD DEFENSE

ADT's claims are barred, in whole or in part, by the misrepresentations and/or fraudulent actions of ADT and/or other individuals or entities associated with ADT.

### FOURTH DEFENSE

ADT's claims are barred, in whole or in part, because of the fault of individuals or entities other than Alarm Protection and over whom Alarm Protection had no control.

### FIFTH DEFENSE

ADT's claims are barred, in whole or in part, because ADT has failed to mitigate its damages, if any.

### SIXTH DEFENSE

ADT's claims are barred, in whole or in part, because all information Alarm Protection's independent sales agents communicated to any third person regarding ADT was true or believed true.

### SEVENTH DEFENSE

ADT's claims are barred, in whole or in part, because ADT has failed to join a necessary and indispensable party.

## EIGHTH DEFENSE

ADT's claims are barred, in whole or in part, because to the extent that any independent sales agents engaged in unlawful conduct, or made any false or misleading statements, they were acting outside of their authority and scope of employment with Alarm Protection.

## NINTH DEFENSE

ADT's claims are barred, in whole or in part, by virtue of the applicable statute of limitations.

## TENTH DEFENSE

ADT's claims are barred, in whole or in part, because Alarm Protection's actions were justified and/or privileged.

## ELEVENTH DEFENSE

ADT's claims are barred, in whole or in part, due to the doctrine of accord and satisfaction.

## TWELFTH DEFENSE

ADT's claims are barred, in whole or in part, because venue is improper in this Court.

## RESERVATION

Alarm Protection reserves the right to assert any other affirmative defenses and/or claims that may come to light during the course of discovery.

WHEREFORE, Alarm Protection respectfully requests that ADT's Complaint be dismissed with prejudice and upon the merits, that ADT take nothing thereby, that Alarm Protection be awarded its attorneys' fees and costs incurred in defending this action, and for such other and further relief as the Court may deem necessary, just, and proper under the circumstances.

Dated September 13, 2012.

/s/ Joel C. Zwemer
Joel C. Zwemer, Esq.
Fla. Bar No. 0897371
jzwemer@deanmead.com
DEAN, MEAD, MINTON & ZWEMER
1903 South 25th Street, Suite 200
Fort Pierce, Florida 34947
Tele:   (772) 464-7700
Fax:    (772) 464-7877
Attorneys for Alarm Protection Technology
Florida, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant Alarm

Protection Technology Florida, LLC's Answer and Affirmative Defenses to Plaintiff's Complaint

was served on September 13, 2012 via electronic filing on all parties currently listed to receive e-

mail notice/service for this case and by U.S. Mail to all interested parties who are non-CM/ECF

participants, as listed below:

/s/ Joel C. Zwemer
Joel C. Zwemer, Esq.
Fla. Bar No. 0897371

**Electronic Mail Notice List:**
C. Sanders McNew, Esq.

**Non CM/ECF Parties:**
Jacob Dahl
5529 North Military Trail, Apartment 1502
Boca Raton, FL 33496

F0149212v1