UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

ADT LLC,

    Plaintiff,

        v.                                     Case No. 9:12cv80898-RYSKAMP

ALARM PROTECTION TECHNOLOGY
FLORIDA, LLC, *et al*.,

    Defendants.
_____/

**ADT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

      Plaintiff ADT LLC ("ADT") here addresses certain matters raised for the first time in defendants' reply in further support of their motion to dismiss the complaint. [DE 101.]

*The 2011 APT Video Advertisement*

      ADT showed that in December 2011, APT LLC published to the Internet an APT video advertisement created by Schanz that featured the infringing APT trademark, [DE 88 at 3 & n.8] and that the infringement establishes jurisdiction over Schanz and APT LLC. [DE 88 at 8-12.] In response, defendants *deleted the video* (**Exhibit 1**) and now argue that the video's unavailability bars the Court from considering it. [DE 101 at 4.] ADT attaches as **Exhibit 2** an image of the video's YouTube page before the deletion, as accessed by counsel on January 22, 2013. It identifies Schanz as the advertisement's "executive producer," and confirms that the video was first published to YouTube on December 17, 2011. ADT's counsel downloaded a copy of the video before defendants deleted it, and will provide the Court with a copy upon request.

*The APT Website*

Likewise, ADT showed that APT LLC published the www.aptsafe.com website in December 2010 using Schanz's infringing APT trademark, [DE 88 at 2-3 & nn.6-7] and that the infringement establishes jurisdiction over Schanz and APT LLC.  [DE 88 at 8-12.]  Defendants respond only that in 2010, www.aptsafe.com did not identify Florida as a state in which APT was licensed to transact business, and so cannot provide a basis for jurisdiction in Florida.  [DE 101 at 4.]  That response, however, is disingenuous in its presumed facts:  By April 2012, the site expressly referenced its Florida license, *see* **Exhibit 3**, as it still does today.  *See* **Exhibit 4**.

Moreover, the response is based on the false legal premise that it is the solicitation of the forum's customers that subjects an infringing website's nonresident publisher to the forum's jurisdiction.  *That is not the standard*.  Rather, it is whether an infringing website published outside the forum was "aimed at a specific individual in the forum whose effects were suffered in the forum."  *Licciardello v. Lovelady*, 544 F.3d 1280, 1287-88 (11th Cir. 2008), *following Calder v. Jones*, 465 U.S. 783, 790 (1984).  That rule comes directly from Section 48.193(1)(b) of the Florida long-arm statute, which extends jurisdiction over a "nonresident defendant who commits a tort outside the state that *causes injury inside the state*."  *Licciardello*, 554 F.3d at 1283 (emphasis added); *accord Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1216 (11th Cir. 1999).

Here, Schanz and APT LLC published a website with an infringing trademark aimed at ADT, because it infringed ADT's trademark in an effort to confuse ADT's customers at ADT's expense.  ADT resides in Florida.  ADT suffered the injury in Florida. ADT's presence in Florida and injury in Florida suffice to confer jurisdiction.  *See id.; accord, e.g., Healthcare Appraisers, Inc. v. Healthcare FMV Advisors, LLC*, No. 10-80293, 2011 WL 4591960, *6 - *7 (S.D. Fla. Sept. 30, 2011) (finding jurisdiction over nonresident infringer because the

infringement was alleged to have "individually targeted [resident] Plaintiff in order to misappropriate its name and reputation for commercial gain").  Schanz and APT LLC are clearly subject to jurisdiction under *Licciardello* because of their acts as infringers of ADT's trademark.

***Jurisdiction Based on Agency***

APT errs by claiming that jurisdiction cannot lie on an agency theory because the complaint does not mention agency.  [DE 101 at 5.]  But the complaint does allege the facts on which an agency theory of jurisdiction rests.  [DE 70, ¶¶ 15-25.]  Defendants offer no authority for the proposition that a complaint must go beyond factual allegations and allege the legal conclusions based on those facts, nor is ADT aware of any.  The Court is permitted to read the alleged facts in their context, and to "draw on its judicial experience and common sense" when construing them.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).[1]  ADT has argued that agency provides a sufficient jurisdictional basis throughout this case [*e.g.,* DE 66 at 5-6] so defendants' characterization of it as a "new theory" [DE 101 at 7 n.5] makes no sense.

Nor do defendants offer any authority for the incorrect proposition [DE 101 at 5] that an agency theory of jurisdiction is identical to alter-ego jurisdiction:  It is not.  An alter-ego analysis requires proof of *improper use* of the corporate form. *Dania Jai-Alai Palace,* 450 So. 2d at 1121.  By contrast, a finding of jurisdiction based on general agency principles requires no such proof,

---

[1]  Defendants repeatedly invoke *Iqbal* to claim that ADT did not plead sufficient facts to support alter-ego jurisdiction.  *Iqbal* did not abrogate Rule 8.  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In this context, a Florida alter-ego allegation must do something more than regurgitate the conclusion that "the corporation was organized or employed to mislead creditors." *Dania Jai-Alai Palace*, *Inc. v. Sykes*, 450 So. 2d 1114, 1120 (1984), *quoting Advertects, Inc. v. Sawyer Industries, Inc*., 84 So. 2d 21 (Fla. 1955).  Here, ADT has alleged far more – that, *inter alia*, Schanz organized the APT entities with a cadre of "independent contractor" sales agents to avoid Lanham Act liability, that Schanz directs and controls the APT affiliates' businesses, that Schanz undercapitalized APT Florida, that APT Florida does not control its own cashflows.  It is hard to imagine what more Rule 8 might require a plaintiff to plead to establish jurisdiction over a nonresident as an alter ego of a company subject to the Court's general jurisdiction.

*see Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1272-74 (11th Cir. 2002); *accord Sculptchair, Inc v. Century Arts, Inc*., 94 F.3d 623, 628-29 (11th Cir 1996), and the Florida long-arm statute expressly provides for jurisdiction based on the acts of one's agents. *See* Fla. Stat. § 48.193(1).

*Jurisdiction Lies for All Counts*

Finally, defendants, recognizing that jurisdiction indisputably lies with respect to the trademark infringement claim (Count I of the complaint), incorrectly argue that ADT has not established jurisdiction over them for the remaining counts of the complaint. [DE 101 at 3-4.] But as the Court recognized in issuing the preliminary injunction, [DE 47 at 6-8] the trademark infringement also underlies the claims of unfair trade practices under the Lanham Act (Count II) and the Florida Deceptive and Unfair Trade Practices Act (Count III). The direct actions of Schanz and APT LLC as infringers of ADT's trademark subject them to jurisdiction for all three of these counts. Jurisdiction over them lies with respect to the two Florida common-law claims (Counts IV and V) under principles of agency and alter-ego liability, as discussed at length in ADT's original submission.

## CONCLUSION

The motion should be denied.

Dated:  February 4, 2013              Respectfully submitted,

                                      s/ C. Sanders McNew
                                      _____
                                      C. Sanders McNew
                                      mcnew@mcnew.net
                                      Florida Bar No. 0090561
                                      McNEW P.A.
                                      2385 NW Executive Center Drive, Suite 100
                                      Boca Raton, Florida  33431
                                      Tel:  (561) 299-0257
                                      Fax: (561) 299-3705

                                      *Counsel for the Plaintiff, ADT LLC*

## CERTIFICATE OF SERVICE

I hereby certify on this fourth day of February, 2013, I caused a true and correct copy of the foregoing Supplemental Response and its exhibits to be served by CM/ECF on counsel for all parties listed to receive electronic service for this case, as listed below:

**CM/ECF Participants**
Michael Marcil, Esq.
J. Ryan Mitchell, Esq.
Russell A. Nevers, Esq.

/s C. Sanders McNew
_____
C. Sanders McNew