UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

ADT LLC,

   Plaintiff,

v.

ALARM PROTECTION TECHNOLOGY
FLORIDA, LLC, JACOB DAHL, ADAM
D. SCHANZ, and ALARM PROTECTION
TECHNOLOGY, LLC, et al.,

   Defendants.
_____/

Case No. 12-80898-CIV-RYSKAMP/HOPKINS

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO ADT, LLC'S SECOND AMENDED COMPLAINT

Defendants, Alarm Protection Technology Florida, LLC ("Alarm Protection Florida"), Alarm Protection Technology, LLC ("Alarm Protection Utah"), Jacob Dahl ("Dahl"), Alarm Protection Technology Holdings, LLC ("Alarm Protection Holdings"), Alarm Protection Technology Management, LLC ("Alarm Protection Management"), and Adam D. Schanz ("Schanz") (collectively "Defendants"), file their Answer and Affirmative Defenses to ADT, LLC's Second Amended Complaint and state:

## ANSWER

1. Defendants deny the allegations in Paragraph 1.

2. Defendants have no knowledge of the allegations of Paragraph 2 and thus deny those allegations.

3. In response to Paragraph 3, Defendants admit that Alarm Protection Florida is a Utah limited liability company created in 2011. Defendants admit that Alarm Protection Florida registered with the Florida Department of State to do business in Florida as a

1

foreign limited liability company and that Alarm Protection Florida has conducted business in Palm Beach County, Florida. Defendants also admit the last sentence of this Paragraph. Defendants deny all remaining allegations of Paragraph 3.

4. In response to Paragraph 4, Defendants admit that Alarm Protection Utah is a Utah limited liability company created in December 2008. Defendants deny all remaining allegations of Paragraph 4.

5. In response to Paragraph 5, Defendants admit that Alarm Protection Management is a Utah limited liability company created in December 2011. Defendants admit that Alarm Protection Management performs some non-sales functions for Alarm Protection Florida. Defendants admit that Alarm Protection Management owns or controls the bank accounts that receive and disburse funds for Alarm Protection Florida. Defendants deny all remaining allegations in Paragraph 5.

6. In response to Paragraph 6, Defendants admit that Alarm Protection Holdings is a Utah limited liability company crated in December 2011. Defendants deny the remaining allegations in Paragraph 6.

7. In response to Paragraph 7, Defendants admit that Schanz is a resident of Utah. Defendants admit that Alarm Protection Florida is registered with the Florida Department of State to do business in Florida as a foreign limited liability company. Defendants admit that Schanz is the managing member of Alarm Protection Florida. Defendants admit that Schanz has visited the Florida offices of Alarm Protection Florida. Defendants admit that Schanz has worked in the security systems industry in the past and that he was a sales representative and officer of Silverline Security. Defendants admit that Silverline Security was registered in the State of Utah. Defendants admit that Silverline Security

sold alarm systems in Florida and other states. Defendants deny the remaining allegations of Paragraph 7.

8. In response to Paragraph 8, Defendants admit that Dahl is a regional sales manager for Alarm Protection Florida. Defendants admit that Dahl resides in Boca Raton, Florida. Defendants deny the remaining allegations of Paragraph 8.

9. Defendants admit the Court has jurisdiction over the subject-matter of this lawsuit but otherwise deny the allegations of Paragraph 9.

10. Defendants admit that the Court has the option to exercise supplemental jurisdiction over the state law claims in this lawsuit for jurisdictional purposes, but otherwise deny the allegations of Paragraph 10.

11. In response to Paragraph 11, Defendants admit that venue is appropriate in Florida but otherwise deny the allegations.

12. Defendants are without knowledge of the allegations of Paragraph 12 and thus deny the allegations.

13. Defendants are without knowledge of the allegations of Paragraph 13 and thus deny the allegations.

14. Defendants are without knowledge of the allegations of Paragraph 14 and thus deny the allegations.

15. Defendants admit the first sentence of Paragraph 15. Defendants deny the second sentence of Paragraph 15.

16. In response to Paragraph 16, Defendants admit that Schanz decided to open his own companies, including Alarm Protection Florida and Alarm Protection Utah. Defendants deny the remaining allegations of Paragraph 16.

17. Defendants admit the allegations of Paragraph 17.

18. Defendants admit the allegations of Paragraph 18.

19. Defendants admit that there was a website that used the domain name "aptsafe.com" and displayed the APT mark on each page. Defendants also admit that the website displayed the slogan "You're not safe until you're APT safe" and referred customers to a toll-free number of 1-800-APT-2008. Defendants deny all remaining allegations of Paragraph 19.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants admit the allegations of the first sentence of Paragraph 21. Defendants deny the allegations in the second sentence of Paragraph 21.

22. Defendants admit the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants admit the allegations of the first and last sentences of Paragraph 24. Defendants deny all remaining allegations of Paragraph 24.

25. Defendants admit the allegations of Paragraph 25.

26. In response to Paragraph 26, Defendants admit that Schanz is the sole member of Alarm Protection Holdings. Defendants admit that Alarm Protection Holdings is a member of Alarm Protection Florida. Defendants deny all other allegations in Paragraph 26.

27. In response to Paragraph 27, Defendants admit that Schanz created Alarm Protection Management and that Alarm Protection Management provides some non-sales services to Alarm Protection Florida, including bookkeeping, accounting and some administrative services. Defendants admit that Alarm Protection Management processes payments for Alarm Protection Florida and processes payments to Alarm Protection Florida sales agents. Defendants deny the remaining allegations of Paragraph 27.

28. Defendants do not know what companies are included within the reference to "each APT company" so that Defendants deny the allegations of Paragraph 28.

29. In response to Paragraph 29, Defendants admit that Alarm Protection Florida and Alarm Protection Utah compete with ADT in the security systems market. Defendants are without knowledge of the other allegations of Paragraph 29, so deny those allegations.

30. In response to Paragraph 30, Defendants admit that the ADT mark is set in white capital letters with blue in the background. Defendants deny all remaining allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31.

32. Defendants deny the allegations of Paragraph 32.

33. In response to Paragraph 33, Defendants admit the allegations in the first sentence. Defendants deny all remaining allegations of Paragraph 33.

34. In response to Paragraph 34, Defendants do not know which companies are being referenced as "APT affiliates" so that Defendants deny those allegations containing that reference. Defendants deny all other allegations in Paragraph 34.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. In response to Paragraph 38, Defendants admit that Alarm Protection Florida does not have salaried employees. Defendants also admit that Alarm Protection Management provides some administrative functions for Alarm Protection Florida. Defendants deny the remaining allegations of Paragraph 38.

39. In response to Paragraph 39, Defendants admit that Alarm Protection Management owns the bank accounts into which Alarm Protection Florida's revenues are placed, and from which Alarm Protection pays its sales agents. Defendants deny the remaining allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41.

42. In response to Paragraph 42, Defendants admit that sales agents for Alarm Protection Florida and Alarm Protection Utah previously used contracts, business cards, yard signs, shirts, and identification badges that had the mark "ATP" on them. Defendants deny the remaining allegations in Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants are without knowledge of the allegations in the first and second sentences of Paragraph 47 and so deny those allegations. Defendants deny all remaining allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants have no knowledge regarding the first sentence of Paragraph 51 and thus deny those allegations. Defendants deny the allegations of the second sentence of Paragraph 51.

52. In response to Paragraph 52, Defendants admit that Jake Dahl visited Mona Gartrell in West Palm Beach, Florida on or about February 18, 2012. Defendants deny all remaining allegations in Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. In response to Paragraph 57, Defendants admit that Dahl may have worn a shirt with the "APT" mark when he went to the home of Mona Gartrell. Defendants deny the remaining allegations of Paragraph 57.

58. In response to Paragraph 58, Defendants admit that Jake Dahl visited Mary Demps in Miami on or about May 4, 2012. Defendants deny all remaining allegations in Paragraph 58.

59. Defendants deny the allegations of Paragraph 59.

60. Defendants deny the allegations of Paragraph 60.

61. In response to Paragraph 61, Defendants admit that Mary Demps agreed that Alarm Protection Florida should install a new system at her house. Defendants deny the remaining allegations of Paragraph 61.

62. In response to Paragraph 62, Defendants admit that Alarm Protection Florida installed a new Alarm Protection Florida system at Mary Demps' house. Defendants deny the remaining allegations of Paragraph 62.

63. Defendants deny the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. In response to Paragraph 65, Defendants admit that Jake Dahl visited Marilyn Hipple in Vero Beach in or around May 2012. Defendants deny all remaining allegations in Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

67. Defendants deny the allegations of Paragraph 67.

68. Defendants deny the allegations of Paragraph 68.

69. In response to Paragraph 69, Defendants admit that Marilyn Hipple agreed that Alarm Protection Florida should install a new system at her house and signed paperwork accordingly. Defendants admit that Alarm Protection Florida installed a new Alarm Protection Florida system at Marilyn Hipple's house. Defendants deny all remaining allegations of Paragraph 69.

70. In response to Paragraph 70, Defendants admit that the installers posted a yard sign in front of Ms. Hipple's house stating that the premises were protected by Alarm Protection Florida. Defendants deny all remaining allegations of Paragraph 70.

71. In response to Paragraph 71, Defendants admit that Marilyn Hipple signed a five year contract for alarm services with Alarm Protection Florida. Defendants deny all remaining allegations of Paragraph 71.

72. Defendants deny the allegations of Paragraph 72.

73. Defendants deny the allegations of Paragraph 73.

74. In response to Paragraph 74, Defendants admit that a representative of Alarm Protection Florida visited the home of Nieves Nunes in Homestead Florida. Defendants deny all remaining allegations of Paragraph 74.

75. Defendants deny the allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76.

77. Defendants deny the allegations of Paragraph 77.

78. Defendants deny the allegations of Paragraph 78.

79. In response to Paragraph 79, Defendants admit that Alarm Protection Florida's representative gave a contract to Nieves Nunes and that it was signed. Defendants deny the remaining allegations of Paragraph 79.

80. In response to Paragraph 80, Defendants admit that an Alarm Protection Florida technician visited Ms. Nunes's house, removed her ADT equipment and installed new equipment at her house. Defendants deny all remaining allegations of Paragraph 80.

81. Defendants deny the allegations of Paragraph 81.

82. Defendants deny the allegations of Paragraph 82.

83. In response to Paragraph 83, Defendants admit that Mike Moncur is a representative of Alarm Protection Florida. Defendants admit that Mike Moncur visited the home of Robert Wimberly in Miami Florida on or about June 13, 2012. Defendants deny all remaining allegations of Paragraph 83.

84. In response to Paragraph 84, Defendants admit that Mike Moncur stated that he worked for Alarm Protection Florida. Defendants deny all other allegations of Paragraph 84.

85. Defendants deny the allegations of Paragraph 85.

86. In response to Paragraph 86, Defendants admit that Mr. Wimberly agreed to an upgrade of his security system. Defendants admit that a technician from Alarm Protection Florida removed Mr. Wimberly's old equipment and installed a new security system in its place. Defendants deny all other allegations of Paragraph 86.

87. Defendants deny the allegations of Paragraph 87.

88. Defendants deny the allegations of Paragraph 88.

89. In response to Paragraph 89, Defendants admit that a representative of Alarm Protection Florida visited the home of Hilda Gillet in Miami on or about August 11, 2012. Defendants deny all remaining allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90.

91. Defendants deny the allegations of Paragraph 91.

92. Defendants deny the allegations of Paragraph 92.

93. In response to Paragraph 93, Defendants admit that the representative of Alarm Protection Florida sold Hilda Gillet a new security system. Defendants deny the remaining allegations of Paragraph 93.

94. In response to Paragraph 94, Defendants admit that a technician from Alarm Protection Florida visited Hilda Gillet's house and removed her old security system and installed a new security system. Defendants deny all remaining allegations of Paragraph 94.

95. Defendants deny the allegations of Paragraph 95.

96. Defendants deny the allegations of Paragraph 96.

97. Defendants deny the allegations of Paragraph 97.

98. In response to Paragraph 98, Defendant Dahl admits that he visited the home of Mary Trovato in Rochester, New York. Dahl denies all remaining allegations of Paragraph 98. As to the other Defendants, they are without knowledge of these allegations in their entirety and thus deny them.

99. In response to Paragraph 99, Defendant Dahl admits that Mary Trovato asked him to call her daughter, Connie Tascione. Defendant Dahl is without knowledge of the remaining

allegations of Paragraph 99 and thus deny those allegations. As to the other Defendants, they are without knowledge of these allegations in their entirety and thus deny them.

100. Defendant Dahl denies the allegations of Paragraph 100. As to the other Defendants, they are without knowledge of these allegations in their entirety and thus deny them.

101. Defendant Dahl denies the allegations of Paragraph 101. As to the other Defendants, they are without knowledge of these allegations in their entirety and thus deny them.

102. Defendant Dahl denies the allegations of Paragraph 102. As to the other Defendants, they are without knowledge of these allegations in their entirety and thus deny them.

103. In response to Paragraph 103, Defendant Dahl admits that Mary Trovato signed a contract with APX. Defendant Dahl denies all remaining allegations of Paragraph 103. As to the other Defendants, they are without knowledge of these allegations in their entirety and thus deny them.

104. Defendant Dahl admits the allegations of Paragraph 104. As to the other Defendants, they are without knowledge of these allegations in their entirety and thus deny them.

105. Defendant Dahl denies the allegations of Paragraph 105. As to the other Defendants, they are without knowledge of these allegations in their entirety and thus deny them.

106. Defendant Dahl denies the allegations of Paragraph 106. As to the other Defendants, they are without knowledge of these allegations in their entirety and thus deny them.

107. Defendants incorporate their responses to Paragraphs 1 through 106, as if set forth fully herein.

108. Defendants are without knowledge of the allegations of Paragraph 108 and thus deny those allegations.

109. Defendants deny the allegations of the first sentence of Paragraph 109. Defendants are without knowledge of the remaining allegations of Paragraph 109 and thus deny those allegations.

110. In response to Paragraph 110, Defendants admit that Schanz created Alarm Protection Utah, Alarm Protection Florida, Alarm Protection Management and Alarm Protection Holdings within the past four years. Defendants admit that Schanz created the APT trademark. Defendants deny all remaining allegations in Paragraph 110.

111. Defendants deny the allegations of Paragraph 111.

112. In response to Paragraph 112, Defendants admit that Alarm Protection Florida and Alarm Protection Utah are competitors of ADT. Defendants are without knowledge of the remaining allegations of Paragraph 112 and thus deny those allegations.

113. In response to Paragraph 113, Defendants admit that Alarm Protection Utah and Alarm Protection Florida used the APT trademark in commerce. Defendants deny the remaining allegations of Paragraph 113.

114. Defendants deny the allegations of Paragraph 114.

115. Defendants deny the allegations of Paragraph 115.

116. Defendants deny the allegations of Paragraph 116.

117. Defendants deny the allegations of Paragraph 117.

118. Defendants deny the allegations of Paragraph 118.

119. Defendants incorporate their responses to Paragraphs 1 through 106, as if set forth fully herein.

120. Defendants deny the allegations of Paragraph 120.

121. Defendants deny the allegations of Paragraph 121.

122. Defendants deny the allegations of Paragraph 122.

123. Defendants deny the allegations of Paragraph 123.

124. Defendants deny the allegations of Paragraph 124.

125. Defendants deny the allegations of Paragraph 125.

126. Defendants deny the allegations of Paragraph 126.

127. Defendants deny the allegations of Paragraph 127.

128. Defendants deny the allegations of Paragraph 128.

129. Defendants deny the allegations of Paragraph 129.

130. Defendants deny the allegations of Paragraph 130.

131. Defendants deny the allegations of Paragraph 131.

132. Defendants deny the allegations of Paragraph 132.

133. In response to Paragraph 133, Defendants incorporate their responses to the allegations of Paragraphs 1 through 106, as if set forth fully herein.

134. Paragraph 134 is a legal conclusion, so that Defendants are not required to respond and thus deny the allegations of Paragraph 134.

135. Defendants deny the allegations of Paragraph 135.

136.    Defendants deny the allegations of Paragraph 136.

137.    Defendants deny the allegations of Paragraph 137.

138.    Defendants deny the allegations of Paragraph 138.

139.    Defendants deny the allegations of Paragraph 139.

140.    In response to Paragraph 140, Defendants incorporate their responses to Paragraphs 1 through 106, as if set forth fully herein.

141.    Defendants are without knowledge of the allegations of Paragraph 141 and thus deny the allegations.

142.    Defendants deny the allegations of Paragraph 142.

143.    Defendants deny the allegations of Paragraph 143.

144.    Defendants deny the allegations of Paragraph 144.

145.    Defendants deny the allegations of Paragraph 145.

146.    Defendants deny the allegations of Paragraph 146.

147.    In response to Paragraph 147, Defendants incorporate their responses to Paragraphs 1 through 106, as if set forth fully herein.

148.    Defendants deny the allegations of Paragraph 148.

149.    Defendants deny the allegations of Paragraph 149.

150.    Defendants deny the allegations of Paragraph 150.

151.    Defendants deny the allegations of Paragraph 151.

## AFFIRMATIVE DEFENSES

### Affirmative Defense No. 1: Laches (all claims)

ADT delayed bringing its claims against Defendants. ADT was aware of the conduct of Defendants, which is the subject of ADT's claims, but delayed in bringing the claims. Defendants had no notice that ADT would ultimately assert its claims and will suffer injury and prejudice if relief is awarded to ADT.

### Affirmative Defense No. 2: Acquiescence (Count I)

ADT acquiesced to Defendants' use of the "APT" mark by not bringing claims against Defendants for trademark infringement at an earlier date, even though ADT was aware that Defendants were using the "APT" mark at an earlier date.

### Affirmative Defense No. 3: Unclean Hands (all claims)

ADT has unclean hands so that it is precluded from pursuing its claims against Defendants.

### Affirmative Defense No. 4: Corporate Veil (all claims against Schanz and Dahl)

Defendants Schanz and Dahl are not responsible for the acts of the companies, or for acts that they took in the course of their duties for the companies.

### Affirmative Defense No. 5:  Justified acts (Count IV)

Defendants were justified in any interference with contracts since they were acting to protect their own economic interests.

### Affirmative Defense No. 6:  Contracts Terminable at Will (all claims)

Defendants are not liable for alleged interference (under any legal theory) with contracts between ADT and its customers that were terminable at will, since Defendants' actions constituted lawful competition.

**Affirmative Defense No. 7: No claim exists under Florida law (Count V)**

There is no common law cause of action for commercial disparagement under Florida law.

**Affirmative Defense No. 8: No right to punitive damages (Counts IV and V )**

ADT is not entitled to seek punitive damages in relation to Counts IV and V as it has failed to follow the proper procedure for demanding punitive damages under Florida law.

**Affirmative Defense No. 9: Lack of personal jurisdiction (all claims)**

This court lacks personal jurisdiction over Alarm Protection Management, Alarm Protection Holdings, Alarm Protection Utah and Adam Schanz.

## CLAIM FOR ATTORNEYS FEES AND COSTS

Defendants have hired counsel to represent them in this matter and are obligated to pay their reasonable attorneys' fees and costs. Defendants are entitled to recover their attorneys' fees from ADT pursuant to 15 U.S.C. §1117(a) (Counts I and II) and Fla. Stat. §501.211 (Count III).

**DEFENDANTS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of June, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

C. Sanders McNew, Esq.
2385 NW Executive Center Drive, Suite 100
Boca Raton, FL 33431

J. Ryan Mitchell, Esq.,
Russell A, Nevers, Esq.
Mitchell &Barlow, P.C.
9 Exchange Place, Suite 600
Salt Lake City, Utah 84111

By: /s/ Jennifer Nicole
Michael W. Marcil, Esq.
Florida Bar No.: 091723
mmarcil@gunster.com
Jennifer Nicole, Esq.
Florida Bar No.: 00114578
jnicole@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: 954-462-2000
Facsimile: 954-523-1722

*Attorneys for Defendants*

FTL_ACTIVE 4336384.1