UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Case No. 9:12cv80898-RYSKAMP/HOPKINS

ADT LLC,

    Plaintiff,

        v.

ALARM PROTECTION TECHNOLOGY
FLORIDA, LLC, *et al.*,

    Defendants.
_____/

### ADT'S APPLICATION FOR AN ORDER TO SHOW CAUSE REGARDING DEFENDANTS' COMPLIANCE WITH INJUNCTION

    Plaintiff ADT LLC moves the Court, pursuant to its inherent powers, for an order to show cause why the Court's preliminary injunction, which bars defendants and their related parties, including their "respective affiliates, subsidiaries, [and] agents," from continuing to use the "APT" acronym during the litigation of this cause, [DE 116 at 8] does not bind defendants' privies they control, including defendants' fifteen nonparty state sales companies, and why defendants ought not be held in contempt of the injunction for any failure by defendants to cause their privies to abide it, and states:

    1.    Defendant Adam Schanz's filing this day, in support of his objections to Judge Hopkins's discovery ruling, [DE 180] for the first time suggests that Mr. Schanz does not consider the Court's injunction to be binding on any of his APT sales entities that are not named as defendants in this action. [DE 180 at 2-3 & n.1.]

  2.  Mr. Schanz acknowledges, at least with respect to Rule 65 of the Federal Rules of Civil Procedure, that injunctions bind nonparties whom the parties to the action control.  [DE 180 at 4.]  In fact, the law on this point is clear, that an injunction will bind the named parties and their privies, including companies that the parties own or control.  *See F.T.C. v. Leshin*, 618 F.3d 1221, 1235-36 (11th Cir. 2010), *following Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13-14 (1945).  [DE 179 at 7.]

  3.  When defendants asked last May for an extension of time to comply with the injunction, Mr. Schanz stated under oath that defendants needed more time to replace 12,000 APT yard signs.  [DE 135 at 2; DE 135-1 at 2.]  Richard Brimhall, APT's general manager, had earlier testified to the Court that APT Florida, the only named APT sales company, had only 3,100 customers.  [DE 122 at 39, ll. 7-10.]  Mr. Schanz's interrogatory answers at issue here swear that APT Florida sold only 3544 accounts under the APT name.  [DE 166-3 at 3.]  That must mean that defendants booked at least 9,000 sales to the fifteen nonparty APT sales companies.  ADT inferred from these figures, and Mr. Schanz's request for more time to comply with the injunction, [DE 135] that defendants understood that the injunction reached all of the APT companies, including the ones not named as defendants, because defendants otherwise would not have been required to ask the Court for more time to comply with the injunction to replace 12,000 APT yard signs.

  4.  Now, however, defendants state that ADT has incorrectly inferred that "defendants understood" that the injunction reaches and binds the fifteen nonparty APT state sales entities, which they own, manage and control.  [DE 180 at 2-3 & n.1.]  Defendants now state that ADT's understanding is "speculation."  [DE 180 at 2.]  Notwithstanding the facts stated in the preceding paragraph, defendants now state that

ADT "has no evidence as to what Defendants understood." [DE 180 at 2-3.] Defendants further contend that ADT's understanding "clearly lacks foundation." [DE at 3 n.1.]

5. Defendants' objection to ADT's statements raises a troubling question as to whether the defendants consider their nonparty state sales companies to be privies bound by the injunction. Accordingly, ADT asks the Court for an order to show cause why all entities owned (directly or through APT Holdings) and managed by Mr. Schanz should not be considered bound by the injunction, and, to the extent Mr. Schanz has operated any of these entities outside the injunction's requirements, why defendants should not be held in contempt of the injunction for failure to obey it with respect to the nonparty state sales companies.

6. ADT also asks the Court to clarify the injunction's application to all APT companies that used the APT name in commerce, including APT's nonparty sales companies, to avoid further doubts as to the parties' rights and obligations.

## CONCLUSION

The order should issue, in the form attached as an exhibit hereto.

Dated: October 4, 2013

Respectfully submitted,

s/ C. Sanders McNew

_____
C. Sanders McNew
mcnew@mcnew.net
Florida Bar No. 0090561
McNEW P.A.
2385 NW Executive Center Drive
Suite 100
Boca Raton, Florida  33431
Tel:  (561) 299-0257
Fax: (561) 299-3705

*Counsel for the Plaintiff, ADT LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on this fourth day of October, 2013, I caused a true and correct copy of the foregoing Opposition to be served by CM/ECF on all parties listed to receive electronic service for this case, as listed below:

**CM/ECF Participants**
Michael Marcil, Esq.
Jennifer Nicole, Esq.
J. Ryan Mitchell, Esq.
Russell A. Nevers, Esq.

      s/ C. Sanders McNew
_____
      C. Sanders McNew