UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Case No. 9:12cv80898-Ryskamp/Hopkins

ADT LLC,

Plaintiff,

v.

ALARM PROTECTION TECHNOLOGY FLORIDA, LLC, *et al.*,

Defendants.
_________________________________________/

**ADT'S OPPOSITION TO THE BILL OF COSTS**

ADT opposes defendants' motion for entry of a judgment for costs. [DE 532.] As shown below, the Court should defer a ruling on the motion until ADT's appeals have been decided. Moreover, the bill does not meet the statutory verification requirement. *See* 28 U.S.C. § 1924. Finally, the bill must in any event be reduced by $23,561.40 for the amounts claimed for Gunster Yoakley's in-house printing and copying charges. In opposition, ADT states:

**BACKGROUND**

In this case, ADT argued that defendants' use of the APT mark in unannounced door-to-door sales calls at customers' homes, combined with a pitch that they were visiting to "upgrade" the customers' existing ADT alarm systems, created a likelihood of confusion at the customers' doorsteps that was barred by Section 43(a) of the Lanham Act. *See* 15 U.S.C. § 1125(a). Despite ADT's several efforts, [*e.g.,* DE 413; DE 501 at 78-80] the Court refused to recognize this "initial interest" confusion as a Lanham Act

violation if the defendants disclosed their lack of ADT affiliation at the time of sale. The Court rested its conclusion on the absence of an Eleventh Circuit decision recognizing that initial interest confusion is actionable under Section 43(a). [DE 478 at 2, citing *Suntree Technologies, Inc. v. EcoSense Int'l, Inc.*, 693 F. 3d 1338, 1347 (11th Cir. 2012).] Every other circuit court of appeals that has considered the question has concluded that initial interest confusion violates the Act. [DE 501 at 79-80.] The Court refused to instruct the jury on initial interest confusion. While the Court's verdict form attempted indirectly to poll the jury on the question, its language was unclear, and the instructions gave the jury no guidance in answering it.

ADT has appealed the judgment. [DE 530.] ADT's appeal will ask the Eleventh Circuit to address this question of first impression in the Circuit.

**ARGUMENT**

"In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985). "In exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920." *Financial Business Equipment Solutions, Inc. v. Quality Data Systems, Inc.*, No. 08-cv-60769, 2009 WL 1423931, *2 (S.D. Fla. May 18, 2009), *following Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). "Upon objection of certain charges," it becomes the moving party's "burden to undertake the line by line analysis to support the taxable costs" as allowable under Section 1920. *McDaniel v. Bradshaw*, No. 10-cv-81082, 2011 WL 6372788, *3 (S.D. Fla. Dec. 20, 2011); *accord, e.g., Parrot, Inc. v. Nicestuff Distributing Int'l, Inc.*, No. 06-cv-61231, 2010 WL 680948,

*15 (S.D. Fla. Feb. 24, 2010), *citing Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).

## I. The Court Should Exercise Its Discretion And Defer Ruling On The Bill Of Costs Pending A Decision On ADT's Appeal.

As this Court has recognized, ADT's appeal will present a controlling issue of first impression in the Eleventh Circuit. Should the Eleventh Circuit affirm the Court, and decline to recognize initial interest confusion as a violation of Section 43(a) of the Act, its affirmance will ***create*** a split with contrary decisions of the Federal, Second, Third, Fifth (pre- and post-division), Sixth, Seventh, Eighth, Ninth, and Tenth Circuits – *no Circuit Court has ever adopted this Court's position* – and will likely lead to a certiorari petition in the Supreme Court. As Judge King recently wrote:

> Certainly, a trial judge has the discretion of staying consideration of Motions for Fees and Costs and entry of a judgment thereon in those instances where *the appellate issue is based upon a split of decisions between Circuits, a case of first impression or should be stayed pending an imminent appellate decision on a similar legal issue*.

*Hartford Acc. & Indem. Co. v. Crum & Forster Specialty Ins. Co*., No. 10-cv-24590, 2012 WL 3291986, *3 (S.D. Fla. Aug. 13, 2012) (emphasis in original).

In this case, two of Judge King's three reasons for deferring a ruling on costs are present. ADT's appeal presents an issue of first impression in the Circuit. If the Court's ruling is affirmed, the affirmation, as noted above, will create a split among the Circuits. Given the uncertain outcome of the appellate questions presented, the Court should await the conclusion of appeals before awarding costs in this case. ADT is filing concurrently with this opposition a companion motion for stay pending appeals.

## II. <u>The Bill Must Be Denied Because It Is Not Verified</u>.

Moreover, the bill must be denied in its entirety because it does not comply with the statutory verification requirement. *See* 28 U.S.C. § 1924. Section 1924 requires:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

28 U.S.C. § 1924. Defendants have offered no affidavit to attest to the costs listed in the bill – that the costs were necessarily incurred in the case, that the bill accurately reflects the costs, and that the defendants have in fact paid the costs as invoiced. Because the bill fails this basic statutory requirement, it must be rejected on this ground alone.

## III. The Court Should Disallow Undifferentiated Copying <u>Charges Allegedly Incurred By Defendants' Law Firm</u>.

Finally, the Court should disallow the $23,561.40 of the bill attributed to in-house copying charges by the Gunster Yoakley law firm. As shown above, it is the defense's burden to prove its entitlement to reimbursement of copying charges. Defendants state that they paid outside vendors $8,819.08 to copy trial exhibits and other materials underlying defendants' Rule 1006 summaries for trial. ADT would not have objected to these vendor charges, had they been verified as necessarily incurred and paid. ADT does object, however, to defendants' request for over $23,000 in undifferentiated in-house Gunster Yoakley printing and copying costs incurred over the two-year course of the litigation for several reasons, each dispositive.

*First:* As shown in the previous section, defendants have offered no proof that they have been *billed* for these charges, let alone *paid* them. Defendants offer only an

unverified 180-page log of all the prints and copies of all documents that Gunster Yoakley ever made over the course of the litigation, with no detail to establish the nature or purpose of any given charge. [DE 532-1 at 55-236.] This fails the defendants' burden. "As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims" for reimbursement. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009). There is no proof here that the defendants are required to pay Gunster Yoakley for any of these prints or copies. Nor is there any proof that the defendants in fact paid for them. Absent such evidence, the defendants fail their burden of proof, and their bill must be rejected.

*Second:* Defendants have not carried their burden of proving that any of these charges were for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The log [DE 532-1 at 55-236] nowhere attempts to correlate alleged charges with documents that were required for use in the case, as opposed to the nonrecoverable costs of prints made "for the convenience of a party, for the purposes of investigation, or simply to aid a party in a more thorough preparation of the case." *George R. Hall, Inc. v. Superior Trucking Co.*, 532 F. Supp. 985, 994 (N.D. Ga. 1982). Defendants' bill already accounts for the typically-allowed copying charges (*e.g.*, trial exhibits) in its separate request for reimbursement of the $8,819.08 defendants paid to outside copying services. The Eleventh Circuit has repeatedly held that "costs such as general copying" are "clearly nonrecoverable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). *Accord, e.g., Watson v. Lake County*, 492 Fed. Appx. 991, 998 (11th Cir. 2012) (vacating award of costs for copying unsupported by evidence of how particular charges fell within the statutory language); *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. Appx. 837,

845-46 (11th Cir. 2008) (affirming trial court denial of copying charges because they were "not stated with requisite specificity").

This lack of specificity in the Gunster Yoakley charges for printing and copying requires denial of this category of costs. "The party seeking costs must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court." *Doria v. Class Action Services, LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009). "Where the movant has failed to itemize copies necessarily obtained for use in the case and those that were made for their own convenience, an award of costs may be denied." *Tiara Condominium Ass'n, Inc. v. Marsh USA, Inc*., 697 F. Supp. 2d 1349, 1372 (S.D. Fla. 2010). Absent specificity showing entitlement to payment under Section 1920(4), the Court must deny this portion of the bill.

*Third:* The Gunster Yoakley printing and copying costs should not be taxed because these are elements of the firm's overhead, and law firm overhead expenses are not proper subjects of a bill of costs. *See Association for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc*., 385 F. Supp. 2d 1272, 1303-04 (M.D. Fla. 2005) (law firm's ordinary copying charges "should not be recoverable because they are overhead" of the firm); *accord Doria*, 261 F.R.D. at 686. Defendants acknowledge that the 180-page Gunster Yoakley print log lists not only *copies* made in the case, but also the costs of printing *original documents* from their word processors, because the firm's cost tracking system combines the two categories. [DE 532-1 at 10 n.6.] Defendants try to justify this conflation by including these printing costs as an allowable item under 28 U.S.C.

§ 1920(3), which provides "printing" as an element of costs. [DE 532-1 at 9.] But Section 1920(3) is referring to the costs of *outside* printing services, as for typeset briefs, *see, e.g., Corsair Asset Mgmt, Inc. v. Moskovitz*, 142 F.R.D. 347, 352 (N.D. Ga. 1992), *not* a law firm's in-house word processing costs of printing original documents for copying, filing or service. *See id.; accord, e.g., Jones v. Siegelman*, No. 00cv1703, 2002 WL 1162406, *2 (M.D. Ala. May 24, 2002); *El–Fadl v. Central Bank of Jordan*, 163 F.R.D. 389, 390 (D.D.C. 1995) ("the costs of a word processor, printer and paper are part of the overhead of any modern law office"; disallowing costs of printing original documents because the "recovery for word processing charges under the guise of printing charges is disallowed as outside the scope of § 1920").

As the Court may itself observe from a review of the Gunster Yoakley print log [DE 532-1 at 55-236], the defendants have billed indiscriminately for all of Gunster Yoakley's printing and copying charges that the firm ever allocated to this matter for over two years. The log does not record which charges are for prints of original documents, (which are not reimbursable) and which are copies. Nor does the log record which charges were for copies necessarily made for the litigation, and which were not. The billing records make it clear that Gunster Yoakley is attempting to shift its overhead to the bill of costs, without any effort to meet the requirements of Section 1920.

As shown in Part I above, the Court should exercise its discretion and defer consideration of the bill of costs pending appeal. As shown in Part II, the bill must be disallowed in its entirety under 28 U.S.C. § 1924 because it is unverified. Finally, the Court must in any event disallow the portion of defendants' bill attributable to Gunster

Yoakley's in-house printing and copying charges because the bill does not establish defendants' entitlement to recovery of these costs under 28 U.S.C. § 1920.

**CONCLUSION**

The motion should be denied.

Dated: April 10, 2015

Respectfully submitted,

s/ C. Sanders McNew

C. Sanders McNew
mcnew@mcnew.net
Florida Bar No. 0090561
McNEW P.A.
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida 33431
Tel: (561) 299-0257
Fax: (561) 299-3705

*Counsel for the plaintiff, ADT LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this tenth day of April, 2015, I caused a true and correct copy of the foregoing Opposition to be served by CM/ECF on all parties listed to receive electronic service for this case, as listed below:

**CM/ECF Participants**
Michael Marcil, Esq.
Jennifer Nicole, Esq.
J. Ryan Mitchell, Esq.
Russell A. Nevers, Esq.

s/ C. Sanders McNew

C. Sanders McNew