UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80898-CIV-RYSKAMP/HOPKINS

ADT LLC,

    Plaintiff,

v.

ALARM PROTECTION TECHNOLOGY
FLORIDA, LLC, JACOB DAHL, ADAM
D. SCHANZ, and ALARM PROTECTION
TECHNOLOGY, LLC, et al.,

    Defendants.
_____/

**DEFENDANTS' REPLY TO ADT'S OPPOSITION TO DEFENDANTS' MOTION FOR RELEASE OF THE INJUNCTION BOND (DE 531, 538)**

Defendants Alarm Protection Technology, LLC, Alarm Protection Technology Florida, LLC, Alarm Protection Technology Holding, LLC, Alarm Protection Technology Management, LLC, Jacob Dahl and Adam Schanz (collectively "Defendants"), by their undersigned counsel and pursuant to Federal Rules of Civil Procedure 65 and 65.1, file their Reply to ADT's Opposition to the Motion for Release of the Bond Posted by Plaintiff ADT, LLC from Federal Insurance Company, Vigilant Insurance Company, and Pacific Indemnity Company (collectively "Surety") in relation to the Preliminary Injunction as to use of the "APT" acronym (DE 531, 538), and in support thereof, state:

**INTRODUCTION**

ADT's only argument is that the Court should not release the bond now, because ADT *may* prevail on appeal. ADT quarrels that the Court should have given an initial confusion instruction in addition to the Eleventh Circuit form jury instruction on trademark infringement under 15 U.S.C. §1125(a). ADT does not oppose the amounts requested by Defendants from the

1

bond, or argue that Defendants are not entitled to the funds from the bond (unless the Final Judgment is reversed).  Thus, the Court should grant Defendant's Motion and enter an order requiring payment of $100,000 to Defendants as requested in the Motion.[1]  There is no legal basis for denial of the Motion in its entirety or delaying ruling on the substantive issues raised in the Motion.

As for its argument that the Court may exercise its discretion to stay the release of the bond, ADT does not cite any case law to support its position and ignores the substantial likelihood that the Eleventh Circuit will affirm the jury's decision and this Court's Final Judgment.  ADT suggests that a simple factual determination by the jury, which ruled against ADT on the issue of initial interest confusion, will create an issue of "first impression" in the Eleventh Circuit, which will, in turn, cause a split in the circuits subject to review by the United States Supreme Court.  Contrary to ADT's position, however, an affirmance by the Eleventh Circuit does not necessarily create a split in the circuits, since there are many grounds on which the Eleventh Circuit could base an affirmance, including harmless error.

Moreover, jury findings are not issues of first impression or the subject of Supreme Court jurisprudence.  The jury's verdict decided an issue of fact and this verdict necessarily established that Defendants were damaged when they advanced more than $100,000 in costs two years ago.  ADT's demand that reimbursement of these advanced costs be delayed by several more years, as ADT's appeal meanders through the Eleventh Circuit and the United States Supreme Court, must be rejected.  ADT's plan is clear.  ADT is just trying to delay payment of the bond.

---

[1] The total damages set forth in the Motion were $106,065.34, but the bond is only for $100,000.

## ARGUMENT

1. **Since ADT Does Not Object To The Amounts Requested, This Court Should Enter An Order Granting The Motion And Requiring The Release Of $100,000 To Defendants From The Bond.**

This Court should, at a minimum, enter an order granting Defendants' Motion for the full amount of the bond, $100,000. ADT does not object to the amount requested, which is more than $100,000, or argue that Defendants are not entitled to this amount, except in the unlikely event the Eleventh Circuit reverses the Final Judgment. Thus, there is no merit to ADT's position that Defendants' Motion should be denied in its entirety or that the Court should not rule on the Motion until the appellate issues are resolved.

2. **ADT's Request For Affirmative Relief In An Opposition Brief Is Procedurally Improper And Premature, So That It Should Be Denied.**

Moreover, as set forth below and in Defendants' Opposition to ADT's Motion for Stay, it is Defendants' position that not only should the order be entered now, but the bond should be released immediately as well. ADT's request for affirmative relief in its Opposition should not be entertained, as this Court has previously ruled that "[r]equests for affirmative relief contained within responses to motions are procedurally improper." *See* September 9, 2014 Order (DE 324). Additionally, ADT's request for a stay is premature, since there is no order releasing the bond at this time. This issue was addressed in *Kirby v. General Elec. Co.*, in which the court denied a motion for stay as premature because "the Court has not yet entered a final order setting the sanction amounts." 210 F.R.D. 180, 195 (W.D.N.C. 2000). This case is analogous since, as of the time that ADT filed its motion for stay, the Court has not entered any order on

Defendants' Motion to Release the Bond.[2] *See also PFS Investments, Inc. v. Poole*, 2006 WL 13025, at *2 (W.D.N.C. Jan. 3, 2006).

**3.     ADT Does Not Prove It Is Entitled To A Stay.**

ADT also has not met its burden in this Motion (or in its Motion for Stay filed separately) to prove that a stay of either the consideration of the Motion, or the release of the bond, is justified in these circumstances.  Defendants incurred these damages more than two years ago.  The amounts to be paid from the bond for the out-of-pocket expenses documented by Defendants do not even come close to compensating Defendants for the inconvenience, and disruption to their business that was caused by the Preliminary Injunction Order.  Defendants, who had begun building a brand over the 18 months prior to the injunction, were forced by ADT to start completely over.  In such circumstances, Defendants should not be required to wait until the conclusion of the appeal – which could take years – to be made at least partially whole.

Moreover, the Eleventh Circuit is likely to affirm the Final Judgment and, contrary to ADT's argument, an affirmance of the Final Judgment does not necessarily create an issue for the United States Supreme Court.[3]  The Eleventh Circuit may affirm the Final Judgment for many reasons that would not create a conflict between the circuits or justify intervention by the U.S. Supreme Court, particularly since the Eleventh Circuit's own pattern instructions do not include the jury instruction proposed by ADT at trial.

---

[2] While *Kirby* involved a request under Fed. R. Civ. P. 62(d) of a monetary judgment, as compared to ADT's request that the Court exercise its general discretion to stay an anticipated non-monetary order, the finding that the motion was premature is still instructive.

[3] The reversal rate of cases decided on the merits by the Eleventh Circuit is less than nine percent.  *See* www.uscourts.gov/uscourts/Statistics.  Meanwhile, the United States Supreme Court "receives approximately 10,000 petitions for writ of certiorari per year," but "grants and hears oral argument in about 75-80 cases."  *See* www.supremecourt.gov.

Moreover, the jury was required to address this issue on the verdict form and found that there was no initial interest confusion. While ADT dismissively characterizes Question No. 2 of the Jury Verdict Form on Count 1 (DE 524) as "polling" the jury, that is not the case. The jury was asked to determine whether there was any confusion and, if so, to answer questions about when that confusion occurred. ADT argued in its opening statement and closing argument to the jury that the jury should find confusion based on its "knock knock" on the door theory, but the jury disagreed that there was evidence of such confusion sufficient to find in favor of ADT on that issue. ADT cannot meaningfully appeal just because ADT disagrees with the jury's determination of a factual issue.

For these reasons, contrary to ADT's argument, delaying payment of the injunction bond would not "preserve" the balance, but would tilt the balance even further in ADT's favor. The equities of the matter, which should drive this Court's exercise of its discretion, mandate immediate release of the funds to Defendants.

**4.     The Case Law Supports Granting Defendants' Motion.**

The only case cited by ADT to support its argument that the release of the bond should be delayed, *Hartford Acc. & Indemnity*, does not address the timing of the release of a bond as a result of a finding of a wrongful injunction. *Hartford Acc. & Indem. Co. v. Crum & Forster Specialty Ins. Co.*, 2012 WL 3291986, at *4 (S.D. Fla. Aug. 13, 2012). Rather, *Hartford* only addresses the potential stay of the determination and payment of attorneys' fees and costs, so that it is not relevant to the issue in this motion. Moreover, the *Hartford* court denied the Motion to Stay as to the determination of entitlement and ruled that the determination of entitlement to fees and costs should proceed. *Id.* As to the timing of payment, *Hartford* denied the motion to stay the payment for failure to comply with Rule 62 and gave no indication of whether or not the

court would grant a motion to stay properly filed under Rule 62, but did emphasize that the litigation was a "thoroughly litigated and intensively briefed and argued case by very experienced lawyers…"[4]

Thus, based on *Hartford*, the court should grant Defendants' Motion (which is unopposed except as to timing) and require the release of the bond. The other case law cited by ADT relates only to the district court's discretion on whether to pay the bond, or not, not to the timing of the payment. Moreover, that discretion is not unlimited. The Eleventh Circuit has held:

> When rules prescribe a course of action as the norm but allow the district court to deviate from it, the court's discretion is more limited than it would be if the rules were nondirective.... It is not a sufficient reason for denying costs or damages on an injunction bond that the suit had as in this case been brought in good faith. That would be sufficient only if the presumption were against rather than in favor of awarding costs and damages on the bond to the prevailing party....

*State of Ala. ex rel. Siegelman v. U.S. E.P.A.*, 925 F.2d 385, 390 (11th Cir. 1991). Here, the "normal" course of action is to release the bond to Defendants. ADT has not cited an opinion finding it was a proper exercise of discretion to stay the timing of the release of a bond pending appeal.

ADT also has not cited any legal authority holding that a district court has discretion to ignore the requirements for a stay of a non-monetary order, which include: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill,* 481 U.S. 770, 776, 777, 107 S.Ct. 2113, 95 L.Ed.2d 724

---

[4] As discussed in detail below, Rule 62 does not apply to the release of the bond, since the relief requested in Defendants' Motion is not a money judgment, but release of an injunction bond.

(1987) (citations omitted); *United States v. Pinnacle Quest Int'l*, No. 3:08–cv–136–RV–EMT, 2008 WL 3318786 (N.D. Fla. Aug. 8, 2008) (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).  While the release of the bond will ultimately result in payment to Defendants, the nature of the order requested in Defendants' Motion is non-monetary, since the order would be for release of a bond, not payment by ADT of any monies, so that ADT is required to prove that it meets these four elements.  *Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A.,* 210 F.3d 1309, 1313 (11th Cir. 2000).

ADT does not make any effort in its Opposition to demonstrate that it meets any of these four factors, so that the Court should not accept ADT's invitation to find that it is entitled to a stay of the release of the bond.  Moreover, ADT cannot meet these requirements as discussed herein, as well as in Defendants' Opposition to ADT's Motion for Stay (DE 540).

First, ADT has not demonstrated a likelihood of success on the merits of its appeal.  While ADT advances some conclusory theories in its Opposition about initial interest confusion generally, ADT does not provide any legal analysis of why it will succeed on its appeal in this particular lawsuit.  Moreover, as discussed above, ADT's logic is lacking. The appeal of a factual conclusion by a jury does not create an issue of first impression, nor is it necessary for the Eleventh Circuit to rule in a fashion that creates a split amongst the circuits.  To the contrary, initial interest confusion has been addressed by the Eleventh Circuit. *See North America Medical Corp. v. Axiom Worldwide, Inc.*, 522 F. 3d 1211, 1224 n. 10 (11th Cir. 2008)  (if "it will be clear to the consumer that there is no relationship between the defendant and the competitor beyond the competitive relationship" prior to a sale, then it is not likely to cause the type of confusion that would be actionable under the Lanham Act);  *Suntree Technologies, Inc. v. EcoSense Int'l, Inc.*, 802 F. Supp. 2d 1273, 1283 (M.D. Fla. 2011) ("[i]n sum, Suntree alleges initial interest

7

confusion, which is not actionable confusion in the Eleventh Circuit"), *affirmed* 693 F. 3d 1338 (11th Cir. 2012).

ADT does not address the critical element of proving that it will suffer irreparable injury if the stay is not issued either. There is no evidence of irreparable injury, nor could there be, since the express purpose of the injunction bond was to provide relief to Defendants in the event ADT failed to obtain a permanent injunction at trial, which is what happened. ADT knew when it obtained the preliminary injunction and posted the bond that this was the purpose of the bond and voluntarily accepted this risk. There is no injury to ADT and certainly not irreparable injury.[5]

Moreover, as to the third element, the issuance of a stay will cause injury to the Defendants. The jury found against ADT on all claims, yet Defendants were forced to comply with the preliminary injunction and to incur the costs of litigation for the last several years. Defendants, who have been struggling to build a business over the past few years while incurring the costs of litigation and being required to pay the costs to change their mark, should not be required to wait any longer for their reimbursement of those expenses.

---

[5] The unlikely possibility that ADT succeeds on its appeal and the bond must somehow be returned is insufficient to show irreparable injury, since it can be addressed with money damages. "The primary question to be resolved in determining whether irreparable injury will occur if an injunction is not issued is whether an award of damages is a sufficient remedy for the alleged wrongs." *IT Strategies Grp., Inc. v. Allday Consulting Grp., L.L.C.,* 975 F. Supp. 2d 1267, 1279 (S.D. Fla. 2013). The Supreme Court has stated that "[m]ere injuries, however substantial, in terms of money" are not enough to establish "irreparable injury." *Sampson v. Murray,* 415 U.S. 61, 90, 94 S.Ct. 937, 953, 39 L.Ed.2d 166 (1974). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* (internal citations omitted); *see also Alejandro v. Palm Beach State Coll.,* 843 F. Supp. 2d 1263, 1272 (S.D. Fla. 2011).

For these same reasons, the public interest – which is also not addressed by ADT at all – requires denial of the stay. There is no public interest in denying reimbursement of these expenses to Defendants, given the jury verdict and the unlikelihood of success on appeal.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant the Motion for Release of the Injunction Bond and order that the bond be released in the full amount of $100,000 immediately, as requested in Defendants' Motion.[6]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of April, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: C. Sanders McNew, Esq., 2385 NW Executive Center Drive, Suite 100, Boca Raton, FL 33431 mcnew@mcnew.net; Sherry S. Hamilton, Esq, 830 Bush Street, Spt. 205, San Francisco, CA 94108 shamilton@mcnew.net; Carlos M. Sires, Esq., Boies, Schiller & Flexner, LLP, 401 East Las Olas Boulevard, Suite 1200, Ft. Lauderdale, FL 33301 csires@bsfllp.com.

                        GUNSTER, YOAKLEY & STEWART, P.A.
                        *Attorneys for Defendants*
                        450 East Las Olas Boulevard, Suite 1400
                        Fort Lauderdale, FL  33301
                        Telephone:     954-462-2000
                        Facsimile:       954-523-1722

                        By:/s/ Jennifer Nicole
                             Michael W. Marcil, Esq.
                             Florida Bar No.: 091723
                             mmarcil@gunster.com
                             Jennifer Nicole, Esq.
                             Florida Bar No.: 00114758
                             jnicole@gunster.com

_ACTIVE 4585381.1

---

[6] If the Court decides to grant a stay of the release of the bond for any reason, Defendants request that a bond be required.