UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Case No. 9:12cv80898-Ryskamp/Hopkins

ADT LLC,

    Plaintiff,

        v.

ALARM PROTECTION TECHNOLOGY
FLORIDA, LLC, *et al.*,

    Defendants.
_____/

## ADT'S OPPOSITION TO APT'S MOTION FOR AN AWARD OF FEES

APT has moved the Court [DE 536] for an award of attorney fees under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.2105, and Section 35 of the Lanham Act, 15 U.S.C. § 1117(a). As defendants themselves concede, the motion is premature under the FDUTPA. Defendants' fee request under the Lanham Act, moreover, must be rejected in light of this Court's own ruling in *Law Bulletin Pub. Co. v. LRP Pubs., Inc.*, No. 98-cv-8122-RYSKAMP (S.D. Fla. Jan. 26, 2000) (Exhibit 1), which the Eleventh Circuit affirmed. *See Lipscher v. LRP Pubs, Inc.*, 266 F.3d 1305 (11th Cir. 2001). The motion must be denied.

### ARGUMENT

ADT does not question defendants' accounting for the purposes of this motion. ADT does, however, challenge defendants' entitlement to fees under the governing statutes.

**I.    Defendants' Request For Fees Under FDUTPA Is Premature.**

As defendants concede, [DE 536 at 2] the FDUTPA by its terms expressly conditions an award of fees upon "exhaustion of all appeals." Fla. Stat. § 501.2105(1). The case law is clear

that the statute means what it says – a party may not claim fees under the statute before all appeals have been exhausted.  *See, e.g., MGB Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113, 115 (11th Cir. 1994) (Section 501.2105 "expressly includes the culmination of the appellate process in its definition of a prevailing party" for purposes of awarding attorneys fees and costs); *Citibank (South Dakota) N.A. v. Nat'l Arbitration Council, Inc.*, 2006 WL 2691528, at *7 (M.D. Fla. Sept. 19, 2006); *Nolan v. Altman*, 449 So. 2d 898, 900 (Fla. 1st DCA 1984).  Counsel for the defense, Michael Marcil and Jennifer Nicole, know this rule because they moved in another case for an award of fees under FDUTPA upon entry of judgment in their client's favor, and lost the motion on this exact same ground – that the motion was "premature" because appeals were pending.  *CrossPointe, LLC v. Integrated Computing, Inc.*, 2005 WL 1677460, at *4 (M.D. Fla. July 18, 2005) (Fawsett, C.J.).

ADT served a timely notice of appeal of the Court's judgment to the Eleventh Circuit.  [DE 530.]  Defendants are not "prevailing parties" as defined by Section 501.2105(1) until ADT's appeals are exhausted.  *See MGB Homes,* 30 F.3d at 115.  The Court may not award fees to the defendants under the FDUTPA's express terms.[1]

**II.   This Is Not An Exceptional Case Justifying An Award Of Fees Under The Lanham Act.**

Nor may the Court, by its own prior decisions, grant the motion under Section 35 of the Lanham Act, 15 U.S.C. § 1117.  Section 35 provides for awards of attorney fees only in "exceptional cases."  In *Law Bulletin,* (Exhibit 1) this Court refused to award fees under Section 35 of the Lanham Act to a prevailing defendant under Section 43(a) of the Act, 15 U.S.C. § 1125(a).  Following the close of Law Bulletin's case at trial, the Court granted the defense's

---

[1]   In addition, ADT disputes the defense's legal analysis of its entitlement to fees under the FDUTPA.  But because the motion clearly does not lie, ADT reserves its arguments on the merits of the motion until such time as the defendants might timely move for a fee award.

motion for a directed verdict on the Section 43(a) claim.  Even so, the Court did not award fees to the defense.  The Court correctly found that the Eleventh Circuit ordinarily does not award fees under Section 35 in the absence of fraud or bad faith.  *See* <u>Exhibit 1</u> at 5, *citing Lone Star Steakhouse & Saloon v. Longhorn Steaks, Inc.*, 106 F.3d 355, 363 (11th Cir. 1997) *and Safeway Stores, Inc. v. Safeway Discount Drugs, Inc.*, 675 F.2d 1160 (11th Cir. 1982).  The Court ruled that the defense could not satisfy the statutory standard, even though the Court had granted a directed verdict, because the plaintiff had presented sufficient evidence to survive the defense's dispositive pretrial motions.  *See* <u>Exhibit 1</u> at 5-6.  The Court concluded: "In sum, the Court finds that the Plaintiff provided sufficient issues of material fact to warrant the case to go to trial." *Id*. at 6.  "The fact that the Plaintiff vigorously litigated its claim does not amount to a showing that the Plaintiff brought the case in bad faith or for purposes of harassing the Defendant." *Id*.

The Eleventh Circuit expressly affirmed this Court's explanation for denying an award of fees under the Act in these circumstances.  The Eleventh Circuit agreed that the plaintiff had wholly failed to present any evidence at trial of a likelihood of confusion.  *See Lipscher*, 266 F.3d at 1313-14.  The Eleventh Circuit also agreed that entry of a directed verdict did not make the case "exceptional" for the purpose of awarding fees under Section 35.  *See id*. at 1319-20.  The Eleventh Circuit concluded, as had this Court, that a defendant may not recover fees under the Act where the plaintiff had "presented enough evidence to withstand [defendant's] numerous motions to dismiss and to warrant a trial." *Id*.; *compare Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc*., 253 F.3d 1332, 1336 (11th Cir. 2001) (awarding defendant's fees under Section 35 where plaintiff lost on summary judgment, coupled with testimony from plaintiff's president that plaintiff had brought the action in bad faith to harass defendant).  The Eleventh Circuit continues

to adhere to these standards.  *See, e.g., North America Clearing, Inc. v. Brokerage Computer Services, Inc.,* 395 Fed. Appx. 563, 565 (11th Cir. 2010) ("an exceptional case is one that can be characterized as malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists"); *Welding Services, Inc. v. Forman*, 301 Fed. Appx. 862, 863 (11th Cir. 2008); *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1205 (11th Cir. 2001) ("exceptional cases" ordinarily require "malicious, fraudulent, deliberate, or willful" misconduct; court must articulate its basis for awarding a fee under Section 35); *Tire Kingdom*, 253 F.3d at 1335.

Defendants' motion [DE 536 at 7-10] completely ignores this unbroken line of Eleventh Circuit case law, which consistently states this Circuit's ordinary predicate of fraud or bad faith for an award of fees under Section 35 of the Lanham Act.  Instead, defendants rely on *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014), which interprets an analogous provision of the Patent Act.  But *Octane Fitness* does not make a material change to the Eleventh Circuit's standard.  *Octane Fitness* interprets "exceptional" to mean "uncommon," "rare," or "not ordinary."  *Id*.  While ordinarily that standard is met in the Eleventh Circuit by proof of fraud or bad faith, the court there concluded that the statute's requirements could be met by something not sanctionable, yet sufficiently unjust and uncommon as to warrant an award of fees.  The court, to illustrate, *see id*., pointed to *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521, 526 (D.C. Cir. 1985), in which the D.C. Circuit[2] awarded $34,000 in fees to a California restauranteur who had been harassed by being haled "unreasonably" into a District of Columbia court 3,000 miles from his restaurant to answer a Lanham Act claim, to compensate him for the plaintiff's misconduct in having "so unjustifiably laid venue in the wrong district."  *Noxell*, 771 F.2d at 524; *see id*. at 526.  *Octane Fitness* has little effect on the

---

[2]  *Octane Fitness* observes, *see id*., that the *Noxell* panel included future justices Scalia and Ginsburg.

Eleventh Circuit decisions stated above, which suggest the same result by acknowledging that their standard is the ordinary rule, not the exclusive one.

By these settled standards, and this Court's ruling in *Law Bulletin*, this case clearly does not qualify as an exceptional case for an award of fees under Section 35. As in *Law Bulletin*, ADT here provided sufficient evidence to take its Lanham Act claims to trial. Specifically:

- ADT presented sufficient evidence to move the Court to enjoin defendants from misleading ADT's customers at their doorsteps. The defendants opposed the injunction with evidence of the exact same "welcome calls" and "clarification questionnaires" on which they relied at trial. The Court, after an evidentiary hearing, did not then find the calls and questionnaires persuasive, and ruled: "This Court finds that Defendants' efforts to lure away ADT's client base under false pretenses is exactly the conduct the FDUTPA was designed to guard against." [DE 47 at 7; *accord* DE 64.]

- ADT presented sufficient evidence to move the Court to enter a second preliminary injunction to stop defendants from using the APT word mark in commerce. [DE 116 at 3-6.] The Court refused to stay the injunction pending an interlocutory appeal because, it found, ADT was likely to prevail on the merits of its Lanham Act claims. [DE 131.] The Eleventh Circuit agreed. [DE 134.]

- The Court denied the defendants' motion to dismiss the original complaint. [DE 145.] The defendants did not move to dismiss the second amended complaint, but simply answered it. [DE 161.]

- Following extensive briefing and oral argument, the Court denied the defendants' motion for summary judgment. [DE 279.]

- Following the close of ADT's case in chief at trial, the Court denied the defendants' motion for a directed verdict.

The record in this case makes it an even weaker candidate than *Law Bulletin* for an award of fees under Section 35. The plaintiff in *Law Bulletin* did not present sufficient evidence to the jury to avoid a directed verdict. Here, by contrast, the Court denied defendants' motion for a directed verdict at the close of ADT's case in chief. ADT's claim presented an unsettled issue

5

of first impression in this Circuit as to whether initial interest confusion is actionable under Section 43(a) of the Lanham Act.  Nothing in the record of this case suggests that ADT engaged in fraud or bad faith, or took unreasonable or unjustifiable positions in the litigation, as required by the Eleventh Circuit and the Supreme Court for awards of fees under Section 35.

Defendants nonetheless offer a number of arguments to persuade the Court that this litigation meets the requirements of Section 35, as established by the Eleventh Circuit and the Supreme Court.  Not one, however, merits an award of fees in this case.

- Defendants argue [DE 536 at 7-8] that ADT took untenable litigation positions because it had no evidence of any actual customer confusion.  Defendants here mischaracterize the testimony of ADT's customer witnesses.  In fact, the Court repeatedly found that ADT had shown actual confusion in its two injunction applications, supported by declarations from the same witnesses.  [DE 47 at 9 n.3; DE 67; DE 116 at 5-6; DE 131.]  Moreover, as this Court has ruled, [*e.g.,* DE 131 at 2-3] the settled law of this Circuit holds that the court may find a likelihood of confusion even where the parties stipulate that there are *no instances* of actual confusion.  *See, e.g., E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imports, Inc.*, 756 F.2d 1525, 1529-30, 1533 (11th Cir. 1985), *citing John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 978 (11th Cir. 1983).  ADT disagrees with defendants' mischaracterization of the proof, but the point in any event is meaningless as a matter of settled Eleventh Circuit law and the law of the case.

- Defendants also argue [DE 536 at 8] that ADT unreasonably litigated its claims in the face of defendants' "welcome calls" and "clarification questionnaires."  The defense, however, *presented these exact same calls and questionnaires to the Court in 2012 and 2013* as part of their unsuccessful oppositions to ADT's preliminary injunction motions.  [DE 13 at 29-39 (questionnaires); DE 26 (call transcripts); DE 105-2 (call transcripts).]  The Court there found these calls and questionnaires unpersuasive, observing:  "Defendants' reliance on APT's Code of Conduct, the customer questionnaire forms, and the 'Welcome Calls' to demonstrate their efforts to ameliorate any possible confusion, are unavailing." [DE 47 at 8.]  The Court there found, specifically, that the "Welcome Call" transcripts revealed "that the call operators were, at best, ineffectual at clarifying that APT had no affiliation with ADT, and also demonstrate the depths of the customer confusion caused by APT's similar name, logo, and its representatives' misleading statements." [DE 47 9 n.3.]  The Court reaffirmed these conclusions

in its order enjoining defendants' use of the APT acronym, [DE 131 at 5-6] concluding: "The record demonstrates that the call transcripts offer no basis for departing from the Court's original finding of confusion." [DE 131 at 6.]

- Defendants argue [DE 536 at 8] that ADT's survey evidence should have led ADT to drop its case because it proved "only" an 18 percent confusion rate. But the law is clear that an 18 percent confusion rate is probative of actual confusion. *See, e.g., Exxon Corp. v. Texas Motor Co.*, 628 F.2d 500, 507 (5th Cir. 1980) (15% indicates "a high possibility of confusion"); *accord RJR Foods, Inc. v. White Rock Corp.*, 603 F.2d 1058, 1061 (2d Cir. 1979) (15-20% suffices); *see* 6 MCCARTHY ON TRADEMARKS § 32:188, at 32-439 & nn.6-9 (2013) (collecting cases that find confusion rates of 10 to 20 percent to provide "strong evidence" of confusion). And, as already noted, a plaintiff need not in any event prove actual confusion to prevail on a Section 43(a) claim. [DE 131 at 2-3, citing *Remy Martin, supra*.]

- Defendants argue [DE 536 at 8] that ADT litigated the case "in an unreasonable manner" because it tried its damages case "instead of being satisfied with the name change from Alarm Protection Technology to Alarm Protection in March 2013." But defendants cite to no case that suggests that a plaintiff acts unreasonably by seeking its damages, especially where, as here, the Court *four times* found [DE 47; DE 64; DE 116; DE 131] that ADT was likely to succeed on the merits of its Lanham Act claims – nor is ADT aware of any such case or authority.

- Defendants contend [DE 536 at 8] that this was an exceptional case because it lasted two years and generated 500 docket entries. So did the *Law Bulletin* case, another case arising under Section 43(a) of the Lanham Act – two years, 493 docket entries – but that did not lead this Court to find *Law Bulletin* "exceptional" for the purposes of Section 35.

- Finally, defendants insinuate, without proof, [DE 536 at 11-12] that ADT colluded with Scott Atherton, counsel for ADT's competitor Monitronics, which has also sued defendants for deceptive sales practices. The docket sheet of *ADT LLC v. Security Networks, LLC*, No. 9:12-cv-81120-Hurley (S.D. Fla.), confirms that Mr. Atherton was *opposing counsel* in ADT's lawsuit *against* Security Networks, a Monitronics subsidiary. Defendants offer no evidence to support a cogent argument that ADT colluded with Monitronics to injure defendants. The fact that Monitronics has now also sued APT – only one of over 13,000 companies in the alarm systems market – speaks more loudly to APT's misconduct in the market, than it does to any imagined collusion. Similarly, defendants offer no evidence of ADT's supposed collusion with the ABC television network to air a *20/20* segment about the defendants. There is no such evidence, because there was no collusion.

7

Nothing in the record of this case suggests that ADT did anything other than seek to defend its interests in its trademark – an asset that it has carefully safeguarded for over 150 years. The record of this case establishes beyond any reasonable doubt that ADT litigated its claims in good faith, and that ADT presented claims that withstood dispositive motions, including a directed verdict motion at the close of ADT's case before the jury. Nothing in the record suggests that ADT at any time took a position in the litigation that was meritless or unjustifiable. Instead, the Court repeatedly found that ADT would likely succeed on the merits of its Lanham Act claims. [DE 47; DE 64; DE 116; DE 131.] *Law Bulletin,* the unbroken chain of controlling Eleventh Circuit cases, and *Octane Fitness* all compel the Court to deny the defendants' motion for fees under Section 35, because this case is in no respects an exceptional case for the purpose of a fee award to the defense under the Act.

## CONCLUSION

The motion should be denied.

Dated:  April 27, 2015              Respectfully submitted,

s/ C. Sanders McNew
_____
C. Sanders McNew
mcnew@mcnew.net
Florida Bar No. 0090561
McNEW P.A.
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida  33431
Tel:  (561) 299-0257
Fax:  (561) 299-3075

*Counsel for the Plaintiff, ADT LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify on this 27th day of April, 2015, I caused a true and correct copy of the foregoing Opposition to be served by CM/ECF on counsel for all parties listed to receive electronic service for this case, as listed below:

**CM/ECF Participants**
Michael Marcil, Esq.
Jennifer Nicole, Esq.
J. Ryan Mitchell, Esq.
Russell A. Nevers, Esq.

      /s C. Sanders McNew
      _____
      C. Sanders McNew